# RICHARDSON *v.* McCHESNEY, SECRETARY OF STATE OF THE COMMONWEALTH OF KENTUCKY.

### ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

·No. 23.  Argued October 31, November 1, 1910.—Decided November 28, 1910.

The duty of this court is limited to actual pending controversies. It should not pronounce judgment on abstract questions, even if its opinion might influence future action under like circumstances.

This court judicially knows that the members of Congress elected at the regular congressional election of November, 1908, have taken their seats, served their terms, and that their successors have been elected.

This court also judicially knows when the term of a Secretary of State of a State expires and whether his successor has been inducted into his office.

An action against the Secretary of State of a State to compel him in certifying nominees for Congress, to proceed under a former apportionment act on the ground that the present act is unconstitutional, is not a suit against the State, nor is it in this case one against a continuing board, but against the Secretary of State personally; and on the termination of his official authority his successor cannot be substituted.

In this case, as the thing sought to be prevented has been done and cannot be undone by judicial action, it is now only a moot case.

Writ of error to review 128 Kentucky, 363, dismissed.

THE facts, which involve the validity of the Kentucky act of 1900 apportioning the State into Congressional districts, are stated in the opinion.

*Mr. William H. Holt,*. with whom *Mr. George DuRelle,* · *Mr. W. C. Halbert, Mr. E. L. Worthington* and *Mr. W. D. Cochran* were on the brief, for plaintiff in error:

This court has jurisdiction.  The validity of the Ken-

tucky statute was distinctly drawn in question -on the ground that it is repugnant to the provision in the Federal Constitution which guarantees to each State a republican form of government, and on the ground that it is repugnant to the law of the United States which requires members of Congress to be elected by districts composed of contiguous and compact territory and containing as nearly as practicable an equal number of inhabitants.

The Constitution provides that the times, places and manner of holding elections for Representatives shall be prescribed in each State by the legislature thereof, but the Congress may at any time make or alter such regulations. The Congress has acted upon this question, under this power, and has made regulations as to the places and manner of holding elections for Representatives by stating that they shall be elected by districts composed of contiguous and compact territory and containing as nearly as practicable an equal number of inhabitants. Nevertheless, the Court of Appeals questions the right of Congress to thus determine the places and manner of holding Congressional elections.

The Kentucky act is repugnant to the Federal Constitution, the act of Congress, and Fourteenth Amendment, § 2.

While there are no authorities as to Congressional apportionment, there are as to unequal division of representative and senatorial districts in the various States under similar constitutional provisions. See *Williams* v. *Secretary of State* (Mich.), 108 N. W. Rep. 749; *Giddings* v. *Blacker*, 93 Michigan, 1; *Parker* v. *State*, 133 Indiana, 178.

The courts have jurisdiction to determine the validity of apportionment acts. *McPherson* v. *Blacker*, 146 U. S. 1; *Ragland* v. *Anderson*, 125 Kentucky, 141; *Purnell* v. *Mann*, 105 Kentucky, 91; *People* v. *Thompson*, 155 Illinois, 460; *Parker* v. *State*, 133 Indiana, 178; *Denny* v. *State*, 144 Indiana, 543; *Williams* v. *State*, 108 N. W. Rep.

749; *Giddings* v. *Blacker*, 93 Michigan, 1; *State* v. *Cunningham*, 83 Wisconsin, 90; *State* v. *Cunningham*, 81 Wisconsin, 440; *Sherrill* v. *O'Brien*, 188 N. Y. 185; *Brooks, Clerk,* v. *State,* 162 Indiana, 568, collating all the leading cases on this subject.

While this court cannot be required to determine a moot case wherein its judicial power cannot be exercised and where its judgment would not be final and conclusive upon the rights of the parties, averments of the petition which was dismissed on demurrer present a case where the judgment of this court will be final and conclusive of the rights of the parties, and this court may and should decide upon existing facts, such rights, where substantial relief can be granted effective for the preservation of the rights of citizens; and where the rights upon which a decision is asked are substantial rights to protect which relief should be granted.

The status averred is a continuing status so far as legislation is concerned. This court knows judicially that no new Congressional apportionment act has been adopted in Kentucky, and also that provisions in the Federal statutes, to which that act is repugnant, are still in force.

If relief cannot be granted by this court in this case, no relief can be given against any gerrymander, no matter how infamous, if the courts of the State, elected by the same majority which elects the legislature, do not wish the relief granted, or are not willing that it should be. No imputation is designed, however, upon the courts which have hitherto passed upon this case.

In Kentucky and elsewhere, where relief is sought against a person in his official capacity to compel or restrain official action, the suit does not abate by reason of the death, resignation or expiration of the term of office of the incumbent officer, even when such fact is pleaded in the proceeding. *Maddox* v. *Graham & Knox*, 2 Metc. 71; *City of Louisville* v. *Kean &c.*, 18 B. Mon. 13.

There was no brief filed for defendant in error.

MR. JUSTICE LURTON delivered the opinion of the court.

Shortly stated, this is an attack upon the validity of the Kentucky act of March 12, 1898, and certain amendments thereto, apportioning the State into eleven Congressional districts. The bill alleges that the districts do not conform to the requirement of the acts of Congress apportioning Representatives among the States, which acts require that such districts shall be of contiguous territory, "containing as nearly as practicable an equal number of inhabitants." The averments of the bill are that the districts are grossly and unnecessarily unequal in population.

The bill was filed in an equity court of the State. A demurrer, as not stating a case good in law, was sustained and the bill dismissed. This judgment was affirmed upon an appeal to the Court of Appeals of Kentucky. The ground upon which the Kentucky court rested its judgment was, in substance, that neither the Constitution of the United States nor of the State contained any provision which vested in the court any authority to annul an apportionment of the State into districts for the election of Congressmen, and that the matter pertained to the political department of the government, and was subject only to the supervising control of the Congress, if any such power of supervision existed at all.

The bill, in substance, alleges that a Congressional election in each of the eleven Congressional districts of the State will be held in November, 1908. That under the law of Kentucky it is the duty of the defendant H. V. Mc-Chesney, as secretary of the Commonwealth, or his successor in office at the time, to certify, within sixty days prior to said election, the names of the nominees of the Republican and Democratic parties for members of Con-

gress in each district, to clerks of the various county courts of the State, and the duty of such clerks to print the names so certified upon the official ballots to be used in said Congressional election.

The complainant's interest in the matter is that he is a citizen of the United States and of the State of Kentucky, and a qualified voter and resident of Hart County, one of the counties of said State, and as such entitled to vote for a Congressman in the district to which that county is lawfully attached. The act of the General Assembly dividing the State into Congressional districts prior to the act of March 12, 1898, was an act passed April 15, 1882. By this act of 1882 the counties of Hart, Green and Taylor formed part of the Fourth Congressional district. By the act of March 12, 1898, and acts amendatory, the three counties named were made part of the Eleventh district, and certain counties were taken from the Eleventh and placed in other districts.

The contention is that the act of 1898 and its amendments being void, because of gross inequality of inhabitants, the aforesaid act of April 15, 1882, is the apportionment act in force, and that the approaching election should be held for the election of eleven members of Congress in the eleven districts organized by the act of 1882, and not in the districts as shaped by the later illegal arrangement.

The object and prayer of the bill is to require the defendant H. V. McChesney, or his successor in office, to proceed in conformity with the apportionment act of April 15, 1882, by certifying the names of party nominees for Congress made in districts organized in conformity with that act, and to require the county court clerks, who are made defendants, to print only the names of nominees so certified upon the ballots for the election of Congressmen at the election to be held in November, 1908, and that said McChesney, or his successor, be restrained

from certifying, or the defendant clerks from printing, otherwise.

Without considering the question of the authority for judicial interference in respect of a Congressional appor- tionment act, we are of opinion that this writ of error must be dismissed.

The matter which the defendant McChesney, as sec- retary of the Commonwealth of Kentucky, is to be pro- hibited from doing relates solely to an election to be held in November, 1908, and the thing which he is to be re- quired to do relates only to the same election. The elec- tion to be affected by a decree, according to the prayer of the bill has long since been held, and the members of Congress were, in November, 1908, elected under the ap- portionment act of 1900. They were, as we may judicially know, admitted to their respective seats, and, as we may also take notice, their successors have been elected accord- ing to the same scheme of apportionment. The thing sought to be prevented has been done, and cannot be un- done by any judicial action. Under such circumstances there is nothing but a moot case. *Mills* v. *Green,* 159 U. S. 651; *Jones* v. *Montague,* 194 U. S. 147.

The duty of the court is limited to the decision of actual pending controversies and it should not pronounce judg- ment upon abstract questions, however such opinion might influence future action in like circumstances.

Aside from this, we may judicially take notice that the defendant H. V. McChesney is no longer secretary of the Commonwealth of Kentucky, his term having expired and a successor having been inducted into office, who has not been substituted as a defendant to this suit.

This is not a suit against the State of Kentucky. The State is not the subject of suit. Nor is it a suit against the Secretary of State as one of a corporation or contin- uing board, "where the obligations sought to be enforced devolve upon a corporation or continuing body," as

pointed out in *United States* v. *Butterworth,* 169 U. S. 600, 603, distinguishing *Commissioner* v. *Sellew,* 99 U. S. 624, and *Thompson* v. *United States,* 103 U. S. 480. The only ground for making McChesney a defendant is to enjoin him personally from doing something which he may not lawfully do, and to require him personally to do another thing which it is claimed is his legal duty to do as an administrative act requiring no discretion. If he disobey the mandate or injunction of the court he personally would be in contempt. He only can be rightly made to bear the costs of this proceeding if the complainant should succeed, and he only could be compelled to obey the decree of the court. As his official authority has terminated, the case, so far as it seeks to accomplish the object of the bill, is at an end, there being no statute providing for the substitution of McChesney's successor in a suit of this character. The case is governed by *United States* v. *Boutwell,* 17 Wall. 604; *United States* v. *Butterworth,* 169 U. S. 600, and *Caledonian Coal Co.* v. *Baker,* 196 U. S. 432, 441.

*Dismiss the writ of error.*