## CRIGLER, *County Clerk,* v. NICHOLS.

No. 5355.   Opinion Filed October 12, 1915.

(152 Pac. 343.)

1.  **APPEAL AND ERROR—Moot Questions—Dismissal.** Where, on appeal by a county clerk in a mandamus proceeding, instituted against him by a school district officer, it is made to appear to the Supreme Court that both such officers have retired from office and no actual relief could be granted, other than to determine liability for costs, the questions presented by such appeal are moot and will not be determined, but the appeal will be dismissed.

2.  **MANDAMUS—Substitution of Parties—Action Against County Officer.** An action against the county clerk to compel him to issue a warrant on the county treasurer is against him personally, to compel the performance of an official act, and on the termination of his official authority his successor cannot be substituted.

(Syllabus by Galbraith, C.)

*Error from District Court, Noble County;*

*W. M. Bowles, Judge.*

Action by A. E. Nichols, as Treasurer of School District No. 51 of Noble County, against I. A. Crigler, as County Clerk of Noble County. Judgment for plaintiff, and defendant brings error. Dismissed.

*P. W. Cress,* for plaintiff in error.

*Henry S. Johnston,* for defendant in error.

Opinion by GALBRAITH, C.  A. E. Nichols, claiming to be the treasurer of school district No. 51 of Noble county, made application to I. A. Crigler, county clerk of that county, for a warrant on the treasurer of Noble county for $22.67, the amount it was alleged the records showed to be in the hands of the treasurer belonging to said school district. The clerk refused to issue the war-

rant, and Nichols then made application to the district court for a writ of mandamus. The court issued an alternative writ, commanding the clerk to issue the warrant, or appear and show cause why he should not do so. The clerk appeared and filed a return to the writ, and on the trial the court made the writ peremptory. The clerk appealed to this court. The record was filed here on July 31, 1913. The defendant in error now presents motion to dismiss the appeal, first, because the plaintiff in error is no longer county clerk of Noble county, his term of office having expired on the 4th of January, 1915, and therefore he has no further interest in this proceeding, and his successor in office has not been substituted as plaintiff in error, nor has he made application to be made a party to this appeal, and the defendant in error, Nichols, is no longer treasurer of said school district, nor even a member of the school board, and therefore no actual relief can be granted by this court, in this cause, and the questions presented by this appeal are purely moot.

In reply to this motion, it is argued that, although Crigler is no longer county clerk, and is no longer able to do the act commanded by the trial court, still he has an interest in the appeal, since there was a judgment for costs against him in the trial court. This is not sufficient reason why this court should pass upon the merits of this appeal. The first paragraph of the syllabus in *George et al. v. Robinson et al.*, 47 Okla. 623, 149 Pac. 1087, reads:

"Abstract or hypothetical questions, disconnected with the granting of actual relief, other than costs of appeal, will not be determined by this court."

Again, the rule of law controlling in this cause was announced by the Supreme Court of the United States in

*Richardson v. McChesney,* 218 U. S. 487, 31 Sup. Ct. 43, 54 L. Ed. 1121, where, in the course of the opinion, it is said:

"The duty of the court is limited to the decision of actual pending controversies, and it should not pronounce judgment upon abstract questions, however such opinion might influence future action in like circumstances. Aside from this, we may judicially take notice that the defendant, H. V. McChesney, is no longer Secretary of the Commonwealth of Kentucky, his term having expired, and a successor having been inducted into office, who has not been substituted as a defendant to this suit. This is not a suit against the State of Kentucky. The state is not the subject of suit. Nor is it a suit against the Secretary of State, as one of a corporation or continuing board, 'where the obligations sought to be enforced devolve upon a corporation or continuing body,' as pointed out in *United States v. Butterworth,* 169 U. S. 600, 603 [18 Sup. Ct. 441, 442 (42 L. Ed. 873)] distinguishing *Commissioner v. Sellew,* 99 U. S. 624 [25 L. Ed 333], and *Thompson v. United States,* 103 U. S. 480 [26 L. Ed. 521]. The only ground for making McChesney a defendant is to enjoin him personally from doing something which he may not lawfully do, and to require him personally to do another thing which it is claimed is his legal duty to do as an administrative act requiring no discretion. If he disobey the mandate or injunction of the court, he personally would be in contempt. He only can be rightly made to bear the costs of this proceeding if the complainant should succeed, and he only could be compelled to obey the decree of the court. As his official authority has terminated, the case, so far as it seeks to accomplish the object of the bill, is at an end; there being no statute providing for the substitution of McChesney's successor in a suit of this character. The case is governed by *United States v. Boutwell,* 17 Wall. 604 [21 L. Ed. 721]; *United States v. Butterworth,* 169 U. S. 600 [18 Sup. Ct.

441, 42 L. Ed. 873]; and *Caledonian Coal Co. v. Baker,* 196 U. S. 432, 441 [25 Sup. Ct. 375, 49 L. Ed. 540]."

It appears that no actual relief can now be granted by a review of the judgment appealed from.

The motion to dismiss is therefore well taken, and should be sustained.

By the Court: It is so ordered.