**STATE ex rel. DeATLEY v. ALEXANDER, Clerk, etc.**

No. 11067—Opinion Filed Jan. 6, 1920.

(Syllabus by the Court.)

**1. Appeal and Error—Moot Questions—Dismissal—Mandamus.**

Wherein an appeal by a policeman in a mandamus proceeding instituted by him against the city or corporation clerk of the city of El Reno, it is made to appear to this court that such corporation clerk has retired from office, and no actual relief could be granted other than to determine liability for costs, the questions presented by such appeal are moot, and will not be determined, but the appeal will be dismissed.

**2. Parties—Mandamus Against City Officer —Right to Substitute Successor.**

An action ·against a city clerk to compel her to issue a warrant on the city treasury is against her personally to compel a performance of an official act, and on the termination of her official authority her successor cannot be substituted.

Error from District Court, Canadian County; James I. Phelps, Judge.

Mandamus by the State of Oklahoma ex rel. John A. DeAtley against Ferol Alexander, corporation clerk of El Reno, Oklahoma. From order refusing writ, plaintiff brings error. Dismissed.

R. B. Forest, for plaintiff in error.

E. F. Maley, for defendant in error.

RAINEY, J. The plaintiff in error herein filed his action in the district court of Canadian county against Ferol Alexander, corporation clerk of the city of El Reno, Oklahoma, praying for a peremptory writ of mandamus to compel the said Ferol Alexander to issue proper warrant for the payment to plaintiff in error for alleged services rendered the city of El Reno as policeman. The district court issued the alternative writ, but upon return and hearing entered an order vacating the alternative writ and refused to issue the peremptory writ. It is to review such action that plaintiff in error has ·appealed to this court.

Subsequent to the filing of the appeal herein, defendant in error has filed a motion to dismiss the appeal, on the ground that she is no longer corporation clerk of the city of El Reno, nor connected with the office in any way, and alleges that on the 1st day of August, 1919, one Ethel Dowell was appointed to the office and assumed the duties of city or corporation clerk, by virtue of which the questions involved in the appeal have become moot, abstract, and hypothetical. In response to the motion to dismiss plaintiff in error has filed a motion to substitute the present city or corporation clerk of said city of El Reno as defendant in error.

· Upon the authority of Crigler, County Clerk, v. Nichols, 51 Okla. 707, 152 Pac. 343, the motion to substitute must be denied, and the motion to dismiss sustained. In that case it was held, on the authority of Richardson v. McChesney, 218 U. S. 487, 31 Sup. Ct. 43, 54 L. Ed. 1121, that an action such as the one in the case at bar is against the party personally whom it is sought to compel to issue the warrant, and that on the termination of such party's official authority his successor cannot be substituted.

It appearing that the defendant in error, Ferol Alexander, has retired from office, and that no actual relief could be granted in this case other than to determine liability for costs, the questions presented by the appeal have become moot.

The appeal is, therefore, dismissed.

OWEN. C. J., and PITCHFORD, JOHNSON. McNEILL, and HIGGINS, JJ., concur.