## DUNLAP & CO. v. BETTMANN-DUNLAP CO.

Court of Appeals of District of Columbia.

Submitted November 17, 1927. Decided December 5, 1927.

No. 1972.

Trade-marks and trade-names and unfair competition ⚖️44—One opposing registration of trade-marks cannot appeal from decision refusing registration, notwithstanding adverse holding as to similarity of goods.

One opposing registration of trade-marks is not entitled to appeal from decision refusing registration, even though Examiner of Interferences held adversely on such opposer's contention that goods on which marks were used were of same descriptive properties, though opposer might have raised question by cross-appeal, if applicant had appealed.

Appeal from the Commissioner of Patents.

Application by the Bettmann-Dunlap Company for the registration of trade-marks, opposed by Dunlap & Co. The Examiner of Interferences refused registration, and the opposer appealed to the Commissioner.' The Commissioner refused to review the case, and opposer appeals. Affirmed.

Louis Alexander, of New York City, for appellant.

W. F. Murray, of Cincinnati, Ohio, for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant, Dunlap & Co., opposes the registration of three trade-marks by appellee, the Bettmann-Dunlap Company, consisting of the word "Dunlap" displayed on different backgrounds. The opposer claimed use of a similar mark upon hats, caps, clothing, parasols, umbrellas, women's headwear, neckties, mufflers, leather and fabric gloves, furs and scarfs. The applicant's trade-marks are used on shoes.

The Examiner of Interferences held that the goods on which the marks are used are not of the same descriptive properties, but refused registration of the mark on the ground that the dominating feature of applicant's mark is the word "Dunlap," and, being the name of opposer company, it could not be appropriated as a trade-mark by the applicant. From this decision the applicant took no appeal; but the opposer appealed to the Commissioner on the ground that the Examiner had erred in holding that the goods were not of the same descriptive properties.

The Commissioner refused to review the case on the ground that, since the entire proceeding is to prevent registration, and the Examiner sustained the oppositions upon one of the grounds urged by the opposer, it amounts to a denial of registration, and the opposer in fact has accomplished the result sought, and is accordingly without right of appeal. If the applicant had appealed, then the opposer might have, by cross-appeal, raised the question which he now urges, namely, the similarity of the goods on which the marks are used. But, since there was no appeal by the applicant, his right of registration is as effectively barred as if the judgment had been to sustain the oppositions.

The decision of the Commissioner is affirmed.