## FRIGIDAIRE CORPORATION v. NITTER-HOUSE BROS.

### No. 3075.

Court of Customs and Patent Appeals.

Feb. 20, 1933.

Charles H. Potter and Ralph E. Parker, both of Washington, D. C., for appellant.

Owen Harrison Spencer, of Indianapolis, Ind., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellee filed an application in the United States Patent Office, on November 16, 1928, for registration of a trade-mark used by it in connection with the sale of foods and ingredients of foods; said mark being the words, in block type, "Frigidized Fish." No claim was made for the word "Fish," except in connection with this mark.

The appellant, Frigidaire Corporation, filed its opposition to such registration. The opposition was based upon the alleged fact that the appellant had been engaged in the interstate sale of refrigerating systems and elements since September, 1918, and had used in connection therewith the trade-mark "Frigidaire." The notice of opposition alleges that confusion in trade will result from the registration of the name of the mark "Frigidized Fish," and will result in financial injury and damage to the opposer.

The Examiner of Interferences held that the mark "Frigidized Fish" was descriptive, and could not be registered. He further held that the opposer had not set out this ground of opposition in his notice, and that therefore said notice should be dismissed.

The appellant appealed. The Commissioner held, in brief, that the goods produced by the appellant, and those of the appellee, upon which the mark "Frigidized Fish" was to be used, were not goods of the same descriptive properties, and that therefore the appellant could not, under the law, oppose the registration of the same. The opposition was dismissed. The Commissioner further held that the proposed mark, "Frigidized Fish," was and is descriptive, and was not entitled to registration.

From this decision of the Commissioner the appellant has brought the case here, and now seeks the judgment of this court upon its right to make opposition to the proposed registration, and questions the unfavorable decision of the Commissioner on that point. The appellee does not appeal.

As we view the matter, the case is now moot. All that the opposer could have sought in his notice of opposition was to defeat the registration of the proposed mark. Such registration has been denied. Therefore, irrespective of the right of the appellant to bring such opposition proceedings, and as to this we expressly reserve judgment, there is no statutory relief which appellant may receive in this proceeding, which has not already been adjudged by the Commissioner. The question of the descriptiveness of the mark of the appellee is not involved, for the appellee has not questioned this decision by appeal.

It follows that the appeal should be, and is hereby, dismissed. This is in harmony with our judgment in Tower & Sons v. United States, 20 C. C. P. A. (Customs) ——, T. D. 46131, and cases therein cited. It is also sustained by the practice of the Court of Appeals of the District of Columbia, as stated in Dunlap & Co. v. Bettmann-Dunlap Co., 57 App. D. C. 351, 23 F.(2d) 772.

This case is clearly distinguishable from Celanese Corp. of America v. Vanity Fair Silk Mills, 47 F.(2d) 375, 18 C. C. P. A. 998, as will appear from the facts stated therein.

Appeal dismissed.