**CITY OF CLEARWATER, FLA., v. BEERS.**

No. 8381.

Circuit Court of Appeals, Fifth Circuit,

May 20, 1937.

John C. Polhill and S. E. Simmons, both of Clearwater, Fla., for appellant.

Stuart B. Warren, of St. Petersburg, Fla., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

In one record, we have two appeals, and a "petition for appeal" which we construe to be a petition to superintend and revise. The parties have filed a stipulation that separate transcripts would contain the same papers, records, and proceedings, and have joined in a request for the three matters to be considered together. We have an appeal from an interlocutory injunction; an appeal from a final decree dismissing a proceeding under the Bankruptcy Act; and a petition to revise an order discharging a rule to show cause against one charged with contempt. Our jurisdiction is derived from section 24a and section 24b of the Act of July 1, 1898 (as amended, 11 U.S.C.A. § 47(a, b). Cf. Taylor v. Voss, 271 U.S. 176, 46 S.Ct. 461, 70 L.Ed. 889; Shoreland Co. v. Conklin (C.C.A.) 30 F.(2d) 489; In re Torgovnick (C.C.A.) 49 F.(2d) 211. The facts will be stated in chronological order.

On April 15, 1935, alleging its insolvency and inability to pay its debts as they matured, the City of Clearwater, Fla., filed a petition in the court below, seeking approval and confirmation of a plan for the readjustment of its debts, under the provisions of the Act of Congress approved May 24, 1934, c. 345, §§ 78, 79, and 80, 48 Stat. 798 (see 11 U.S.C.A. §§ 301, 302, and 303). Originally, this was limited to two years, but later was extended to January 1, 1940. 49 Stat. 1198 (amending section 79 [11 U.S. C.A. § 302]). On the same day, the court approved the petition as properly filed. Four days later, April 19, 1935, upon a showing by petitioner that a number of suits were then pending against it upon its bonded indebtedness, the court made an order enjoining all such suits and providing that the commencement of any new or further suits against petitioner upon its bonded indebtedness were enjoined until the further order of the court or the entry of final decree.

On May 25, 1936, the Supreme Court held said Municipal Bankruptcy Act to be unconstitutional and void. Ashton v. Cameron County Water Improvement Dist., 298 U.S. 513, 56 S.Ct. 892, 80 L.Ed. 1309.

On May 26, 1936, the appellee, M. S. Beers, caused an alternative writ of mandamus to be issued by a state court of Florida to certain officers of the City of Clearwater to enforce the payment of large sums due him by the city on account of interest coupons upon its bonded indebtedness.

On June 1, 1936, on motion of the city, the above order of April 19, 1935, wherein the proceedings in certain actions were severally stayed and the commencement of new suits enjoined, was "vacated, canceled, and set aside." It was therein further provided that this cause should not be dismissed until proper disposition had been made of all matters therein pending before the court. No appeal was taken from this order.

On June 20, 1936, at the instance of the city, it was ordered that appellee be and appear before the court to show cause why he should not be punished for contempt on account of instituting said action of mandamus in disregard of the order which had been dissolved on June 1, 1936. Beers made return, averring that he was not a party to the proceedings, wherein the interlocutory injunction was issued; that its terms and conditions were not broad enough to restrain the filing of new suits; that he had no knowledge of the existence of such order; that the application for the alternative writ of mandamus was made upon advice of counsel that the filing thereof would not be contempt of court; and that he would be irreparably injured, if required to dismiss the same, because there were impounded funds of the city which would become immediately available to other suits. He, therefore, moved the court that it discharge the rule to show cause, which was done by an order entered on January 4, 1937. This is the order which the city seeks to have revised.

On June 23, 1936, upon the petition of the city, the court granted an interlocutory injunction restraining a number of plaintiffs by name, including appellee, from further prosecution of their actions against the municipality until the further order of the court or until the entry of a final decree in this cause. This injunction expired by its own terms upon the entry of a final

82

decree dismissing the entire proceeding, and it was also expressly dissolved in said final decree.

On January 4, 1937, in a final decree, the court dissolved the interlocutory injunction entered by it on June 23, 1936, and dismissed the entire cause at the costs of the city. An appeal to this court was allowed from so much of the decree as dissolved the injunction and dismissed the proceeding. Also, the interlocutory injunction of June 23, 1936, was restored and continued in effect pending appeal.

■ We shall deal first with the two appeals under said section 24a of the Bankruptcy Act, as amended (11 U.S.C.A. § 47 (a). We have seen that appellant sought relief under the amendment with reference to municipalities. The interlocutory injunction appealed from was issued after the above act had been held unconstitutional and void by the Supreme Court of the United States. As the issuance of this injunction was without legal authority, no error was committed in dissolving it.

The final decree of dismissal logically followed the adjudication of unconstitutionality of the act. The appellant concedes that this result was inevitable eventually, but the contention is made that a final decree should not have been entered until the court had required Beers to purge himself of the contempt with which he was charged. The appellant insists that not until the alleged contemnor had voluntarily dismissed the alternative writ of mandamus, or been punished by the court for contempt, should the cause have been finally dismissed. The argument assumes the guilt of Beers, which, upon this record, we are not justified in doing. It further assumes that the final decree was entered prematurely. The record shows the contrary. We have seen that the injunction of April 19, 1935, which is the one (and the only one) Beers is alleged to have violated, was dissolved on June 1, 1936 (before the rule to show cause was issued), and that no appeal was taken from the dissolution of this injunction. Appellee argues that the situation is analogous to the repeal of a statute without a savings clause, but, for reasons about to be stated, it is not necessary to decide this question.

■ This brings us to the petition to revise. The rule to show cause was dissolved by the court on January 4, 1937, and no procedural or preliminary matter remained undisposed of on that date, when the final decree was entered. The order discharging the rule to show cause was not appealable by the city as a matter of right. It is presumed to be correct, and our jurisdiction under said section 24b, as amended (11 U.S. C.A. § 47(b) is limited to a superintendence and revision in matter of law. Such power as is conferred by paragraph (b) must be exercised on due notice and petition by any party aggrieved. The party seeking a revision is the City of Clearwater. It does not appear how it is aggrieved. The relief it was seeking (a readjustment of its debts) has been declared beyond the constitutional power of Congress to authorize. We have seen, indeed it is conceded by appellant, that the particular order related to an administrative matter only, and that the sole remedy was by petition to revise it. In these circumstances, appellant has no substantial standing in this court, since the correctness of the final decree is beyond question and the injunction which appellee is charged with violating was dissolved, upon the motion of appellant, before appellee was cited for contempt. In other words, the only issue before the court is one of civil contempt. This question has become moot, because nothing the appellee may do can give the court jurisdiction to grant the relief appellant seeks in this proceeding. It is well settled that courts refuse to pass upon moot questions. Worden v. Searls, 121 U.S. 14, at pages 25, 26 and 27, 7 S.Ct. 814, 30 L.Ed. 853, at pages 857, 858; Gompers v. Buck's Stove & Range Co., 221 U.S. 418, at pages 451, 452, 31 S.Ct. 492, 55 L.Ed. 797, at page 810, 34 L.R.A.(N.S.) 874; Selden v. Montague, 194 U.S. 153, 24 S.Ct. 613, 48 L.Ed. 915; Richardson v. McChesney, 218 U.S. 487, 31 S.Ct. 43, 54 L.Ed. 1121; Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293; Gulf, Colorado & Santa Fe Railway Company v. Dennis, 224 U.S. 503, at page 508, 32 S.Ct. 542, 56 L.Ed. 860, at page 862.

The petition to superintend and revise is denied, and the decree appealed from is affirmed.