**MISHAWAKA RUBBER & WOOLEN MFG. CO. v. BRADSTONE RUBBER CO.**
Patent Appeal No. 4230.

Court of Customs and Patent Appeals.
Feb. 5, 1940.

Eugene M. Giles, of Chicago, Ill. (Charles R. Allen, of Washington, D. C., of counsel), for appellant.

Barry & Cyr, Robert E. Barry, and Armand A. Cyr, all of Washington, D. C., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from a decision of the Commissioner of Patents affirming a decision of the Examiner of Interferences dismissing appellant's opposition to appellee's

application, under the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq., to register a trade-mark consisting of a green circle or disc for use on rubber heels and rubber soles.

The examiner, in addition to dismissing appellant's opposition, affirmatively held that appellee is entitled to the registration for which it has made application. This part of the examiner's decision was reversed by the commissioner for ex parte reasons based upon facts appearing in the record.

Appellant duly appealed to this court from the commissioner's decision dismissing its opposition. Appellee took no appeal from the ex parte decision of the commissioner holding that appellee was not entitled to register its mark, but in lieu thereof brought an action in equity in the District Court of the United States for the District of Columbia pursuant to the provisions of section 4915 of the Revised Statutes, 35 U.S.C.A. § 63, for the purpose of determining the registrability of appellee's mark. So far as we are advised, said action is still pending in that court.

With respect to the appeal before us, appellee filed with the Commissioner of Patents a notice that "it elects to have all further proceedings conducted as provided in section 4915 of the Revised Statutes," in accordance with the rules of this court.

The ground of dismissal of appellant's opposition was stated by the commissioner in his decision as follows: "The examiner dismissed the opposition without consideration of the merits, because he was of the opinion that the notice of opposition did not state facts sufficient to entitle opposer to judgment. I have carefully read the notice, in the light of the arguments advanced by opposer's counsel, and I am constrained to agree with the examiner that it is fatally defective in that it alleges neither confusing similarity between the trade-marks involved nor that the goods of the parties to which the marks are applied are of the same descriptive properties. It follows that in my opinion the opposition was properly dismissed."

Appellee's application stated that the trade-mark the subject of its application had been continuously used and applied in appellee's business since May 21, 1935.

Appellant's notice of opposition among other things alleged as follows: "5. This opposer further says that after it adopted and began to use the round figure or disk of a red or reddish color as a trade mark on or about October 15, 1891 as aforesaid, it registered said trade mark in the Patent Office of the United States on May 28th, 1901, Registration, No. 36,471 for wool boots, lumbermen's socks, rubber boots and shoes, combination boots formed of rubber and wool, and robes, blankets and clothing made either of wool or cotton, or rubber or by the combination of wool or cotton and rubber, and in said registration referred particularly to its use of the trade mark on its rubber heels, and that it renewed said Registration No. 36,471 on March 31, 1931, and that it also registered said trade mark in the Patent Office of the United States on May 24, 1927, Registration No. 228,151 for garters, and that it also registered said trade mark in the Patent Office of the United States on November 19, 1929, Registration No. 264,-210 for separable fasteners of the slider controlled type."

The only reference in the notice of opposition to appellee's mark is the identification of appellee's application, the intent of appellant to oppose the registration of appellee's mark because it believes that it would be damaged by the registration of the same, and that appellant adopted and used its mark prior to the adoption and use by appellee of its mark. Nowhere in appellant's notice is there any allegation that the marks of the parties are confusingly similar or that they are applied to goods of the same descriptive properties.

Appellant also relies upon the following statements in the notice of opposition as being sufficient to comply with the provisions of section 6 of the said trade-mark act requiring an opposer to state in his notice the grounds of his opposition:

"This opposer further says that * * * its said round figure or disk * * * on the tread face of its rubber heels at substantially the center thereof * * * of a contrasting color on the tread or wearing face of the heels, * * * has been and is a unique, peculiar and characteristic feature by which opposer's rubber heels have been and are known and identified.

* * * * * *

"This opposer further says that the purchasing public has for many years past come to recognize and identify goods and articles bearing a round figure or disk of a red or reddish color as goods and articles of opposer's manufacture and therefore this opposer has the sole and exclusive

right to use such mark or any mark or arrangement of mark resembling same or similar thereto on and in connection with Rubber Heels and Rubber Soles and other goods and articles hereinbefore mentioned * * *."

Appellant's notice of opposition was filed on September 11, 1935. On October 25, 1935 appellee filed a motion to dismiss appellant's opposition upon several grounds, among which was the following: "2. That the opposer has not, in the notice of opposition, alleged facts sufficient to show that it might or could be damaged by the use and registration by the applicant, of the trade mark forming the subject matter of application Serial No. 365,509, upon or in connection with goods in respect to which applicant is seeking to register its said trade mark."

The examiner denied the motion to dismiss the opposition and thereafter appellee filed an answer denying all of the allegations of appellant's notice except paragraph 5 thereof, hereinbefore quoted. The answer further alleged that the marks of the parties were not confusingly similar.

Following the filing of this answer a stipulation of evidence for both parties, in lieu of testimony, was entered into.

The decision of the Examiner of Interferences upon final hearing states in part as follows:

"This is an opposition in which both parties filed briefs and were represented at the hearing by counsel.

"At the final hearing counsel for the applicant renewed the negative defense upon which it relied in its motion to dismiss filed October 25, 1935. This defense is that the allegations of fact contained in the notice of opposition are insufficient to draw in any statutory language found in any of the clauses of Section 5 of the Act of 1905, [15 U.S.C.A. § 85] and, if they are insufficient, then that damage within the meaning of Section 6, [15 U.S. C.A. § 86] is lacking, since such damage is here predicated on the 'nature of the mark' used by the applicant. This conclusion relative to damage is based on the introductory clause of Section 5 and the interpretation thereof made by the Supreme Court of the United States in the case of: Beckwith's Estate v. Commissioner of Patents, 274 O.G. 613; Id., 252 U.S. 538, 40 S.Ct. 414, 64 L.Ed. 705, 1920 C.D. 471.

"None of the allegations in the notice of opposition seem to be relevant to any statutory language except that which may be found in the confusion-in-trade and descriptiveness clauses of Section 5. Thus, for instance, in paragraph 4 an allegation is found with reference to 'a plug embedded in the heel'. If this plug performs any utilitarian function it could then be regarded as a 'device' which is descriptive of the goods in which it is embedded. At the final hearing, however, no such contention was made by the opposer, and the examiner is unable to gather that it performs any such descriptive function.

"There remains to consider the language found in the confusion-in-trade clause. Inspection of the allegations contained in the notice of opposition fails to show that it is there alleged that the mark used by the opposer and that used by the applicant would conflict in any way if both were used in trade, by way of confusing purchasers, or that they would be likely to do so. Under these circumstances, therefore, the allegations of fact, even though they may relate to language found in both of these clauses, are deemed to be insufficient to actually draw in the language of either of them. The question of the ability of the opposer to qualify thereunder does not therefore here arise. Accordingly, it is held that the statutory 'objections to registration' (Section 7 [15 U.S.C.A. § 87]) found in the notice of opposition are clearly insufficient to enable the opposer to hear intervene between this Office and the applicant. The notice of opposition is therefore dismissed."

■ Before considering the question of the sufficiency of appellant's notice of opposition two preliminary observations will be made:

1. Had the ex parte decision of the commissioner denying registration of appellee's mark become final, the appeal before us would have become moot. Frigidaire Corporation v. Nitterhouse Bros., 63 F.2d 123, 20 C.C.P.A., Patents, 865.

Inasmuch as the ex parte decision of the commissioner has not become final, the question being pending in another court under section 4915 R.S., appellant's appeal will be considered by us. Pep Boys, Manny, Moe, and Jack v. Fisher Brothers Co., 94 F.2d 204, 25 C.C.P.A., Patents, 818.

■ 2. Inasmuch as appellant is a registrant opposer, the notice filed by ap-

pellee that it elected to have all further proceedings conducted as provided in section 4915, supra, was ineffectual to deprive this court of jurisdiction to entertain the appeal. Pennzoil Company v. Hercules Powder Company, 95 F.2d 339, 25 C.C.P. A., Patents, 968.

■ Considering now the merits of the appeal before us, we would observe that section 6 of said trade-mark act, 15 U.S. C.A. § 86, provides that one may oppose an application for registration "by filing notice of opposition, stating the grounds therefor." It is well established that an allegation in a notice that opposer will be damaged by the registration of applicant's mark is not sufficient to comply with the statute. In the case of Battle Creek Sanitarium Company, Ltd. v. Fuller, 30 App.D.C. 411, that court, our predecessor in this jurisdiction stated: " * * * It is not sufficient for the opponent to say that he believes he would be damaged. He must allege some fact showing an interest in the subject-matter, from which damage might be inferred. * * *"

In the case of Vick Chemical Co. v. Cordry, 54 F.2d 428, 19 C.C.P.A., Patents, 828, we held that, there being no allegation in the notice of opposition that the involved marks were confusingly similar, such notice was not sufficient to justify a decree pro confesso.

Appellant relies upon a number of cases decided by this court to support its position. An examination of such cases, however, discloses that the facts in those cases have no similarity to the facts in the case at bar. To illustrate, the case of Pep Boys, etc. v. Fisher Brothers Co., supra, is relied upon and quoted from. However in that case the opinion shows that the notice of opposition there under consideration specifically alleged that the goods of the parties had identical properties, and that by reason of use by applicant of its mark upon such goods there was a likelihood of confusion in the minds of the purchasing public.

Likewise in the case of Ely & Walker Dry Goods Co. v. Sears, Roebuck & Co., 90 F.2d 257, 24 C.C.P.A., Patents, 1244, cited by appellant, the notice of opposition specifically alleged that the marks of the parties were used upon goods of the same descriptive properties and were confusingly similar.

■ Further discussion of this point is unnecessary. We deem appellant's notice fatally defective in failing to allege the grounds of opposition as the statute requires, and this failure is so apparent upon a mere reading of the notice that it would seem that proper allegations of confusing similarity of the involved marks and that they were used upon goods of the same descriptive properties must have been omitted through inadvertence because such allegations are ordinarily made in a notice of opposition as a matter of course.

One other matter remains to be considered. Appellant contends that by filing an answer and entering into a stipulation of facts appellee waived any insufficiency in the notice of opposition, and that it had no right to renew its motion to dismiss the opposition at final hearing before the Examiner of Interferences.

■ That appellee's motion to dismiss the opposition was proper to raise.the question of the sufficiency of the notice of opposition cannot be questioned.

Rule 60 of the Rules of the Patent Office governing the registration of trademarks provides: "60. The proceedings, on oppositions, and on applications for cancellation, shall follow, as nearly as practicable, the practice in interferences between applications for patents. Pleadings and procedure with respect thereto shall be governed by the rules in equity suits in the United States courts."

Federal Equity Rule 29 (in force during the period here involved, 28 U.S.C.A. following section 723) which abolished demurrers reads as follows:

"Defenses—How Presented.—Demurrers and pleas are abolished. Every defense in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity, which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss or in the answer; and every such point of law going to the whole or a material part of the cause or causes of action stated in the bill may be called up and disposed of before final hearing at the discretion of the court. Every defense heretofore presentable by plea in bar or abatement shall be made in the answer and may be separately heard and disposed of before the trial of the principal case in the discretion of the

court. If the defendant move to dismiss the bill or any part thereof, the motion may be, set down for hearing by either party upon five days' notice, and, if it be denied, answer shall be filed within five days thereafter or a decree pro confesso entered."

With respect to the finality of a decision overruling a demurrer we quote the following from 49 Corpus Juris, section 561:

"Finality of Ruling. While it has been held in some jurisdictions that the ruling on demurrer is conclusive unless excepted to and reversed, it is generally held that it is not such a final adjudication that the court may not at any time before final judgment reconsider its ruling and enter a contrary one, especially if convinced that a mistake was made. * * *

"* * * After overruling a demurrer the court may, in its discretion, allow demurrant, even after pleading, to renew the demurrer and then sustain it or again overrule it. (citing cases.) * * *"

Appellant cites no cases in support of its contention that appellee had no right to renew its motion to dismiss on final hearing before the examiner, and we have found no authority to support this contention of appellant.

For the reasons herein stated, the decision of the commissioner dismissing the opposition of appellant is affirmed.

Affirmed.