28 C.C.P.A.(Patents)

## PABST–ETT CORPORATION v. DR. W. J. ROSS CO.

### Patent Appeal No. 4483.

Court of Customs and Patent Appeals.

June 9, 1941.

Cyril A. Soans and William E. Anderson, both of Chicago, Ill., for appellant.

Jackson & Webster, of San Francisco, Cal. (Chas. R. Allen and Wm. G. MacKay, both of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The appellee filed its application in the United States Patent Office for the registration of its mark "Nippy" for use on "Canned Dog and Cat Food." Appellant filed opposition to the registration, based upon its prior use of the mark "Nippy" on cheese.

The Examiner of Interferences sustained the opposition and adjudged that the applicant was not entitled to the registration for which it had made application. Appeal was taken to the Commissioner of Patents by appellee herein, and the commissioner reversed the decision of the Examiner of Interferences who had sustained the opposition, held that the word "Nippy" was descriptive of the opposer's goods, that the goods of the respective parties were not of the same descriptive properties, but affirmed the adjudication of the Examiner of Interferences that applicant was not entitled to the registration applied for, the latter holding of the commissioner being upon the ground that the mark was either descriptive or misdescriptive of applicant's goods.

The appellee took no appeal from the adverse decision of the commissioner holding that it was not entitled to the registration of its mark, but appellant has here appealed and challenges the correctness of the holding of the commissioner that the goods were not of the same descriptive properties and that the word "Nippy" was descriptive of the opposer's goods.

Appellee in this court moves to dismiss appellant's appeal upon the ground that this court has no jurisdiction to consider the case. It rests its motion upon the authority of Frankfort Distilleries, Inc., v. Dextora Company, 103 F.2d 924, 928, 26 C.C.P.A., Patents, 1244, and the cases therein cited.

The facts in said Frankfort Distilleries, Inc., case are almost identical with those at bar, and the case is so fully in point on the issues here involved that extended discussion of the same is not required. We think it sufficient to quote the following from that case: " * * * In view of the fact, however, that appellee did not appeal from the decision of the Commissioner of Patents holding its trade-mark not registerable, the commissioner's decision became final, and, therefore, the issue of the registerability of appellee's mark is not before us for consideration. Accordingly, the issue of confusing similarity of the marks of the parties raised in this court by appellant's appeal has become moot since the taking of the appeal, and any views we might express with regard thereto would

not be binding upon the Patent Office tribunals in another action under another statute. Mills v. Green, 159 U.S. 651, 16 S. Ct. 132, 40 L.Ed. 293; Jones v. Montague, 194 U.S. 147, 24 S.Ct. 611, 48 L.Ed. 913; Richardson v. McChesney, 218 U.S. 487, 31 S.Ct. 43, 54 L.Ed. 1121; Frigidaire Corporation v. Nitterhouse Bros., supra [63 F. 2d 123, 20 C.C.P.A., Patents 865]; 1 C.J.S., Actions, § 17, pp. 1012 to 1018."

The cases cited in the Frankfort Distilleries, Inc., case, supra, are also in point on the issue at bar.

We hold that the issues which appellant seeks to present have become moot, and that this court cannot properly consider them.

We think it proper to say that appellant in this court frankly expresses the view that there was at least very grave doubt as to whether or not the court had jurisdiction to pass upon the issues it seeks to present but felt that it would be in a better position with reference to possible future Patent Office action if appeal were taken to this court.

For reasons stated hereinbefore, and upon the authorities cited, we hold that appellant's appeal should be and it is hereby dismissed.

Dismissed.