**MICHAEL v. COCKERELL, County Manager and Director of Finance, et al.**

No. 5567.

Circuit Court of Appeals, Fourth Circuit.

April 9, 1947.

Roy A. Fulcher and John Locke Green, both of Arlington, Va., for appellant.

W. Carrington Thompson, Asst. Atty. Gen. of Virginia (Abram P. Staples, Atty. Gen. of Virginia, and Walter E. Rogers, Asst. Atty. Gen. of Virginia, on the brief), for appellees.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order dismissing a suit instituted in the court below to enjoin the assessment or collection of the state poll tax in the cities and counties comprising the Eighth Congressional District of Virginia. The plaintiff in the court below was Lawrence Michael, the nominee for Congress of the Republican Party in that district in the 1946 congressional election; and the defendants were the various Commissioners of Revenue and Treasurers for the counties and cities comprising the district, with whom were joined the Governor and Attorney General of the state. The complaint alleged that assessment or collection of the poll tax as prerequisite to the right to vote is violative of rights of citizenship guaranteed by the Constitution and statutes of the United States, that plaintiff, as a candidate for Congress in the 1946 election, would be deprived of votes and that persons who desired to vote for him would be denied their constitutional

rights as citizens to do so as a result of the poll tax provisions, unless injunctive relief should be granted by the court. The relief asked was that the commissioners of revenue of the district be restrained from assessing poll taxes, that the treasurers be restrained from collecting poll taxes already assessed and that all be required to correct their records to show such taxes to be void. The order dismissing the suit was entered some weeks prior to the election of 1946, but appeal was not taken until after the election. Defendants move that the appeal be dismissed on the ground that the controversy is now moot and that the court is without jurisdiction to entertain it further.

■ The complaint and offers of proof raise questions of the gravest character, which, if presented in a case properly before us, would merit our most careful consideration. It is alleged that the provisions of the Constitution of Virginia with respect to the payment of poll tax as a prerequisite of voting were deliberately adopted for the purpose of disfranchising Negro citizens, that the debates and records of the constitutional convention so show and that the provisions are at present administered for that purpose and with that effect. It is further alleged that thousands of citizens, white as well as colored, are denied the right to vote because of the way in which these provisions are administered, and that the right to vote is limited to such an extent that the republican form of government guaranteed by the Constitution of the United States is denied and the privileges and immunities of citizens of the United States are substantially abridged. There is allegation that as many as fifty thousand persons otherwise qualified are kept from voting in the congressional district in question as the result of the poll tax requirement, and that in the state at large it has resulted in less than 22% of those otherwise qualified participating in elections. We are not impressed by the argument that such grave violations of the constitutional rights of citizens as those here alleged present merely political questions with which courts are powerless to deal. In a case properly before us, it would be our duty to inquire whether upon the allegations and proofs rights of citizens guaranteed by the Constitution were being denied them and, if so, to grant appropriate relief.

■■ It is clear, however, that the present case is not within our jurisdiction. In so far as it asks relief against the imposition or collection of the poll tax, it cannot be entertained because plaintiff has an adequate remedy in the Virginia courts and the federal courts are by statute denied jurisdiction where that is the case. 50 Stat. 738, amending sec. 24 of the Judicial Code, 28 U.S.C.A. § 41. In so far as it challenges the payment of poll tax as a prerequisite of the right to vote, it presents only a moot case. Aside from the fact that it is not brought against election officials but against those charged with the assessment and collection of taxes who have nothing to do with voting, it appears that the election with respect to which relief is asked has already been held. Nothing that the courts can do now would afford relief as to that election, and there is neither allegation nor proof that relief is needed by plaintiff as to future elections. It is admitted that he has paid his poll tax and is consequently not in position to speak for the class of those who have not paid; and, so far as protecting his rights as a candidate is concerned, it cannot now be known whether he will be a candidate in future elections or not.

It is to be noted that, whereas the allegations of the complaint attack generally the poll tax provisions of Virginia law, the relief asked relates specifically to the 1946 election. Plaintiff sets up his nomination as a candidate for Congress in that election and avers that "he brings this action as said candidate for Congress". He alleges that many thousands of citizens in his congressional district cannot vote in the election to be held on November 5, 1946, and that many will reach voting age between the last day for paying poll taxes and the date of that election. He specifically requests that assessment or collection of poll taxes for the years 1943, 1944 and 1945 be restrained and the poll taxes for those years be declared void, with the manifest purpose of allowing additional persons to vote in the 1946 election, since under the law, it was for failure to pay poll taxes for these three years that the right to vote in

 

the 1946 election would be denied. In the light of well settled law, there can be no question but that, since the relief asked cannot now be granted, the case has become moot and the appeal should be dismissed. Mills v. Green 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293; Jones v. Montague 194 U.S. 147, 24 S.Ct. 611, 48 L.Ed. 913; Richardson v. McChesney 218 U.S. 487, 31 S.Ct. 43, 54 L.Ed. 1121; Blackman v. Stone 300 U.S. 641, 57 S.Ct. 514, 81 L.Ed. 856; United Public Workers of America (C.I.O.) **v.** Mitchell et al., 67 S.Ct. 556.

■■ It has been suggested that plaintiff be allowed to amend his complaint as a basis for a declaratory judgment; but no amendment has been proposed that would give the Court jurisdiction of a real controversy to which plaintiff is now a party. This being true, any declaration by the Court would be but a declaration as to political rights in the entire absence of any such existing controversy as is requisite to jurisdiction, and would contravene the doctrine clearly laid down in United Public Workers of America v. Mitchell, supra [67 S.Ct. 564] as follows:

"As is well known the federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues 'concrete legal issues, presented in actual cases, not abstractions' are requisite. This is as true of declaratory judgments as any other field. * * * Judicial adherence to the doctrine of the separation of powers preserves the courts for the decision of issues, between litigants, capable of effective determination. Judicial exposition upon political proposals is permissible only when necessary to decide definite issues between litigants. When the courts act continually within these constitutionally imposed boundaries of their power, their ability to perform their function as a balance for the people's protection against abuse of power by other branches of government remains unimpaired. Should the courts seek to expand their power so as to bring under their jurisdiction ill defined controversies over constitutional issues, they would become the organ of political theories. Such abuse of judicial power

would properly meet rebuke and restriction from other branches."

As the case has become moot as to the only ground upon which jurisdiction to grant relief to this plaintiff could possibly be based, the appeal will be dismissed.

Appeal dismissed.