**Mrs. Etta CLARK et al., Plaintiffs,**

**v.**

**C. H. FLORY, State Forester, C. West Jacocks, State Park Director, and Donald B. Cooler, Superintendent, Edisto Beach State Park, Edisto Island, South Carolina, Defendants.**

**Civ. A. No. 5082.**

United States District Court
E. D. South Carolina,
Charleston Division.

April 19, 1956.

John H. Wrighten, Charleston, S. C., W. Newton Pough, Orangeburg, S. C., for plaintiffs.

T. C. Callison, Atty. Gen., State of South Carolina, James S. Verner, Asst. Atty. Gen., State of South Carolina, for defendants.

WILLIAMS, District Judge.

The summons and complaint in this action were served on the defendants on or about July 23, 1955. The complaint asked for declaratory judgment setting forth the rights of the plaintiffs, who are Negroes, to use Edisto Beach State Park which is located in Charleston County, South Carolina. It is claimed that the plaintiffs were denied the use of the park's facilities solely on account of race and color, under the customs, policies, usages and practices of the defendants, in violation of the Fourteenth Amendment of the United States Constitution.

Before the defendants answered, plaintiffs served an amended summons and complaint, dated August 9, 1955, which was practically identical to the original complaint except that it refers to Sections 181, 182, 183 and 184 of Title 51 of the 1952 Code of Laws of South Carolina which prohibited the use of the parks and beaches by members of both the colored and white races in any coun-ty in South Carolina having a city with a population of more than sixty thousand persons, according to the 1930 census of the United States. The Act applies only to Charleston County, and Edisto Beach State Park is the only park involved in this suit.

Several hearings were held before me. Before a final decision was reached, the Legislature of South Carolina ordered the State Commission of Forestry to close Edisto Beach State Park. The Edisto Beach State Park was closed to members of both races on the 7th day of February, 1956, and has remained closed since that date. It cannot be re-opened except by an Act of the South Carolina Legislature.

The questions presented in this case are:

(1) Are Sections 181, 182, 183, 184, Title 51, of the 1952 Code of Laws of South Carolina which prohibits the use of the Edisto Beach State Park to both colored and white races constitutional?

(2) Is this a class action?

Since the Edisto Beach Park has been closed by an Act of the Legislature and cannot be reopened except by another Act of the Legislature, there is no question for the Court to pass upon. A declaratory judgment is never granted unless there is an actual living controversy before the Court. This controversy must be real and substantial. Declaratory judgments are not granted unless by granting them controversies will be ended. The following is taken from the case of Public Service Commission of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 239, 97 L.Ed. 291:

"For more reasons than one it is clear that this proceeding can not result in an injunction on constitutional grounds. In addition to defects that will appear in our discussion of declaratory relief, it is wanting in equity because there is no proof of any threatened or probable act of the defendants which might cause the irreparable injury essen-

tial to equitable relief by injunction."

In the instant case there is no present necessity for any judgment for there is no controversy. Edisto Beach State Park has been closed to all.

No one contends that this Court has the power to require the State of South Carolina to operate any park. This Court cannot by mandamus order the reopening of the closed park. If it enjoined the defendants from operating a segregated park, it would be doing a futile thing, as there is no park in operation in Charleston County at the present time, nor is there any immediate prospect that the Edisto Beach State Park will be in operation.

The hearings which have heretofore been held developed the fact that the State Commission of Forestry is in control of the parks and beaches owned by the State of South Carolina. The State Forestry Commission is not before this Court, and no judgment of. this Court would be binding upon it. This matter was called to the attention of the plaintiffs by the defendants, and the defect could have been cured by bringing the proper parties before the Court. The plaintiffs have not brought the proper parties before the Court, and a declaratory judgment would therefore be a futile thing.

Our own Fourth Judicial Circuit Court decided in the case of Michael v. Cockerell, 161 F.2d 163, that Federal Courts have no power under Article III of the Constitution to render advisory opinions or to decide in advance constitutional issues not based on present necessity therefor. Concrete legal issues must be presented in actual cases. A Federal Court must always be alert to prevent futile and premature declaratory judgments.

Plaintiffs now contend that a declaratory judgment should be issued because the Legislature can order the reopening of the park for the use of whites only, and that before an order could be secured to protect the rights of the Negroes, the Legislature could again order the parks closed. I cannot, and will not,

assume that the Legislature of South Carolina would do such a thing. I can only assume that the Legislature meant what it said when it closed the Edisto Beach State Park. It would be a reflection on the honesty and integrity of this honorable body to assume that they would open and close the park at its discretion and thereby circumvent the rights of the plaintiffs and other Negroes to use the park. Since the Legislature must act on this matter, it would certainly take a substantial length of time to reopen the park. This case is unlike the Virginia case of Tate v. Department of Conservation and Development, D.C., 133 F.Supp. 53, and the cases therein cited, including Lawrence v. Hancock, D.C., 76 F.Supp. 1004. In the Lawrence case, the City of Montgomery, West Virginia had leased a swimming pool to parties who allowed only white persons to use it. An action was brought by some Negroes to be allowed to use the same pool, whereupon the City immediately closed' it. In that case the City had control of the pool and could open and close it at any time. In the Tate case, the Virginia Department of Conservation and Development ran the Virginia park under its rules and regulations and could close it by administrative order. The District Judge granted a declaratory judgment in that case because he found that there was an immediate necessity for the order because the park could be reopened at any time by order of the Department. I do not find there is an immediate necessity for an order because no one except the Legislature of South Carolina can reopen the park. By pressing for judgment at this time, the plaintiffs are asking the Court to rule on a matter which is moot, hypothetical, is not necessary and is contrary to the principles which have been declared by the Supreme Court of the United States.

I do not think, however, it would do any harm for me to state that the State of South Carolina, during the hearings which have been held, admitted Sections 181, 182, 183 and 184 of Title 51, 1952

Code of Laws of South Carolina were un-constitutional. I announced during the hearing that this was my opinion. The only question to be passed upon, therefore, is whether this is a class action. I do not feel that there is any necessity of issuing a declaratory judgment on this point since the park is closed and no question of the rights of the plaintiffs can arise until the park is opened by Legislative action. It is, therefore,

Ordered that the complaint herein be dismissed.