CIRCUS FOODS, Inc., Appellant,

v.

Robert C. WATSON, Commissioner of Patents, Frank Herfort Canning Co., Inc., a corporation, et al., Appellees.

No. 13830.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 24, 1957.

Ordered Filed Jan. 8, 1958.

Mr. Henry Gifford Hardy, San Francisco, Cal., of the bar of the Supreme Court of California, pro hac vice, by special leave of Court, and Mr. William E. Rollow, Washington, D. C., for appellant. Mr. Noble McCartney, Washington, D. C., also entered an appearance for appellant.

Mr. Clarence W. Moore, Sol. U. S. Patent Office, for appellee Robert E. Watson.

Before FAHY, WASHINGTON and BURGER, Circuit Judges.

PER CURIAM.

Whereas, the complaint herein seeks review of the dismissal by appellee Watson, Commissioner of Patents, of appellant's opposition to an application (T.-M. Serial No. 611,179) for registration of a trademark by appellee Circus Fruit Corporation; and

Whereas, it appears that registration of said trademark was denied by appellee Watson, and, no review of such denial having been sought within the time allowed therefor, the denial has become final; and

Whereas, by reason of the foregoing it appears to the court that the complaint herein is moot;[1] and

Whereas, the statements by appellee Watson of which appellant complains[2] appear to the Court to be dicta, unnecessary to appellee's decision and of no binding effect; and

Whereas, another suit is now pending in the District Court (C. A. 4099–56) in

1. See Dunlap & Co. v. Bettmann-Dunlap Co., 1927, 57 App.D.C. 351. 23 F.2d 772; Frigidaire Corp. v. Nitterhouse Bros., 1933, 63 F.2d 123, 20 C.C.P.A., Patents, 865; Frankfort Distilleries Inc. v. Dextora Co., 1939, 103 F.2d 924, 26 C.C.P.A.,Patents, 1244; Pabst-Ett Corp. v. Dr. W. J. Ross Co., 1941, 120 F.2d 390, 28 C.C.P.A.,Patents, 1164; The Pep Boys, Manny, Moe and Jack v. Fisher Bros. Co., 1938, 94 F.2d 204, 25 C.C.P.A.,Patents, 818; Mishawaka Rubber & Woolen Mfg. Co. v. Bradstone Rubber Co., 1940, 109 F.2d 219, 27 C.C. P.A.,Patents, 888; Baxter Laboratories, Inc. v. Don Baxter, Inc., 1951, 186 F.

2d 511, 38 C.C.P.A.,Patents, 786; Hat Corp. of America v. John B. Stetson Co., 1955, 223 F.2d 485, 42 C.C.P.A.,Patents, 1001.

2. Namely, the statements in 110 U.S.P.Q. 501 at 502 that as to registrations No. 260,343 and No. 360,756, "Circus Foods has abandoned such rights as it may have acquired in the mark(s) and registration(s)", and as to registration No. 424,-245, since it was " * * * obtained as a result of a conspiracy * * *. Circus Foods may not rely on such registration for any purpose, either in this proceeding or otherwise."

which the decision of the Patent Office denying the application of appellant Circus Foods, Inc., for registration of a trademark, is directly challenged, and this court considers that said suit can and should be adjudicated without reliance on or prejudice from the statements above mentioned;

Now, Therefore, It Is Ordered by the Court that this cause be, and it is hereby, remanded to the District Court, with directions to vacate the order of dismissal and to dismiss the complaint as moot.