LIEUTENANT COLONEL STEARNS *v.* BRIGADIER GENERAL WOOD.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN. DISTRICT OF OHIO.

No. 647. Argued December 18, 1914.—Decided January 18, 1915.

The province of courts is to decide real controversies and not to discuss abstract propositions; and this court cannot be called upon to construe orders, acts of Congress and provisions of the Constitution for the information of persons whose rights are not directly affected or threatened, notwithstanding their laudable feeling of deep interest in the general subject.

An officer of the National Guard whose personal rights are not directly violated or interfered with and whose present rank remains unchanged thereby cannot, in this court, question the validity and constitutionality of the General Order contained in Circular No. 8 issued by the Secretary of War pursuant to § 3 of the Military Law, act of January 21, 1903, c. 196, 32 Stat. 775, as amended by act of May 27, 1908, c. 204, 35 Stat. 399, relative to the organization, armament and discipline of the organized militia, and orders of the Adjutant General of Ohio with respect to the mobilization of the National Guard of that State and commanding that upon any declaration of war all furloughs be revoked and the officers and soldiers shall assemble and proceed wherever directed by the President of the United States, whether within or without the United States.

THE facts, which involve the jurisdiction of this court on a direct appeal from the District Court, are stated in the opinion.

*Mr. Hubert J. Turney*, with whom *Mr. Nathan William MacChesnay* and *Mr. Don R. Sipe* were on the brief, for appellee.

*Mr. Harvey R. Keeler* and *Mr. Fred C. Geiger* for appellant, submitted.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

This is a direct appeal from the District Court which held that the original bill states no cause of action. It must be dismissed unless the case involves the construction or application of the Constitution of the United States, or the constitutionality of a Federal statute is fairly drawn in question.

The only serious attempt to show that appellant has a direct personal interest in the subject presented is found in the section of the bill which alleges that he is now serving as a Major in the Inspector General's Department of the

Ohio National Guard and is aggrieved because defendant Wood, the Adjutant General of the State, is about to put into full force and effect a general order issued by command of the Secretary of War and known as Circular No. 8, which, without right or authority, directs that the maximum rank of senior officers in complainant's department shall be a Lieutenant Colonel, and if this is done he will be prevented from attaining and serving in the higher rank permitted by the existing laws of Ohio.

Section 3 of the Military Law (act of January 21, 1903, c. 196, 32 Stat. 775, as amended by the act of May 27, 1908, c. 204, 35 Stat. 399), provides that on and after January 21, 1910, the organization, armament and discipline of the organized militia in the several States, Territories, and the District of Columbia, shall be the same as that which is now or may hereafter be prescribed for the regular army of the United States, subject in time of peace to such general exceptions as may be authorized by the Secretary of War. Exercising his discretion the Secretary of War directed the issuance of Circular No. 8, to become effective January 1, 1914. It is comprehensive in terms and prescribes general regulations concerning the members, officers and organization of the state militia. The validity of the order is denied.

The bill further avers that the Adjutant General of Ohio has issued an order with respect to the mobilization of the National Guard of that State wherein he commands that upon any declaration of war all furloughs shall be revoked and all the officers and soldiers shall assemble and proceed wherever directed by the President whether within or without the United States. The validity of this is also denied.

The brief in behalf of appellant states that "this action is a test case brought by an officer of the National Guard against the Adjutant General of Ohio, who are nominal complainant and respondent, and involves the construc-

tion of certain constitutional provisions, as follows:" Art. I, § 8, Par. 16; the Second Amendment; the Tenth Amendment; Art. I, § 8, Par. 15; the Preamble to the Constitution; the provision making the President commander in chief of the militia when called into the Federal service; the power granted to Congress to raise and support armies. "The action also seeks a construction with respect to the right of the President and Congress over the National Guard of the several States, and the status and legal relation of the officers thereof to the War Department; and raises the further question whether the National Guard or organized militia may be used without the territorial limits of the United States, as such."

The general orders referred to in the bill do not directly violate or threaten interference with the personal rights of appellant—a Major in the National Guard whose present rank remains undisturbed. He is not therefore in position to question their validity; and certainly he may not demand that we construe orders, acts of Congress, and the Constitution for the information of himself and others, notwithstanding their laudable feeling of deep interest in the general subject. The province of courts is to decide real controversies, not to discuss abstract propositions. *Little* v. *Bowers,* 134 U. S. 547, 557; *California* v. *San Pablo Railroad,* 149 U. S. 308, 314; *Richardson* v. *McChesney,* 218 U. S. 487, 492; *Missouri, Kansas & Texas Ry.* v. *Cade,* 233 U. S. 642, 648.

We cannot consider the points suggested and the appeal is

*Dismissed.*