## AMERICAN EMPLOYERS INS. CO. v. FRANKLIN SAVINGS & LOAN CO. OF MACON.

### No. 8302.

Circuit Court of Appeals, Fifth Circuit.

April 9, 1937.

Rehearing Denied April 28, 1937.

C. Baxter Jones and A. O. B. Sparks, both of Macon, Ga., for appellant.

Charles M. Cork, E. W. Maynard, and S. G. Jones, all of Macon, Ga., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

A jury being waived, this case was tried by the judge. The record presents a very narrow inquiry. It relates to the liability of a surety for alleged losses sustained by a corporate employer through the payment to shareholders of dividends from capital assets derived from the sale of stock, when there had been no net earnings. Final judgment was rendered for the face of the bond, and the surety appeals. We are limited to an examination of the findings of

fact and conclusions of law announced by the trial court, since the evidence is not before us.

The Franklin Savings & Loan Company commenced doing business in February, 1931, with a capital stock consisting of 15,000 shares of no par value, set up on its books at $12.50 per. share, or at $187,750, representing the price at which said stock was subscribed net to the corporation. In December, 1931, the board of directors passed a resolution fixing the no-par-value stock at $10 per share, making the capital $150,000, and placing $37,500 to account of surplus. The corporation operated at a net loss of $731.66 from its incorporation to January 1, 1932. A dividend of $6,035.20 was declared and paid in January, 1932. In July, 1932, when another dividend of $7,192.81 was declared and paid there was a further operating loss of $4,451.99. In January, 1933, with a still further operating loss of $9,975.76, a third dividend was declared and paid, amounting in this instance to $10,416.35. These dividends and losses wiped out the book surplus of $37,500 and impaired the capital to the extent of $1,053.77, thereby reducing the capital stock from $150,000 to $148,946.23.

For a premium of $60 per annum, the appellant bound itself to pay to Franklin Savings & Loan Company "the amount of any pecuniary loss" (not to exceed $10,000) which James H. Fowle might "in any position" cause said Loan Company through any act of fraud, dishonesty, forgery, theft, larceny, embezzlement, misappropriation, wrongful abstraction, or willful misapplication. While the bond was in force, Fowle, being a director, falsely represented to the board of directors, at each meeting when a dividend was declared, that the corporation was in good financial condition, was solvent, was earning money, and had net earnings out of which a dividend could be declared and paid. Relying on these misrepresentations, the directors, in 1931 and 1932, declared the aforesaid dividends, aggregating $23,644.36, which were paid to the stockholders by Fowle, as president of the company.

With no finding of insolvency, or of injury to creditors, or that the payments in any manner increased the debts of the company, the District Court concluded as a matter of law that the corporation as a distinct legal entity, within the meaning of the bond, sustained a loss immediately upon payment of the dividends through the fraud and dishonesty of Fowle. The court held, without regard to solvency or insolvency, that payment of dividends to stockholders out of assets other than net earnings was a pecuniary loss to the corporation, which the surety was obligated to pay, even though the payments were authorized by formal resolutions of the board of directors, since the directors were misled by one of their number, who was also a bonded employee. We are unable to concur in this conclusion.

■ Georgia statutes forbid the distribution of any money as profits by a corporation, except from net earnings, which "in any manner increases its debts." For a violation of this provision, the president and directors are "liable to be sued for double the amount of damages" that any person may sustain in consequence thereof. Georgia Code 1933, § 22-713 and section 22-9901. A willful violation is punishable as a misdemeanor. Mangham v. State, 11 Ga.App. 440, 75 S.E. 508. These statutes will not support the conclusions of the District Court, because it does not appear that the payments in any manner increased the debts of the corporation.

■ Aside from statutes, appellees are not entitled to recover under the general law, because the distribution of capital assets to its stockholders by a solvent corporation, upon official order of its board of directors, was not per se a pecuniary loss to the corporation within the terms of the bond, when its debts were not increased and no creditor or stockholder was damaged.

The payment of dividends out of net profits is the dominant purpose in forming such corporations as the obligee in this bond. While the payments in this case were not out of net profits, they were authorized by formal resolutions of a board of directors acting officially and not individually. There was no criminal misapplication of the funds. United States v. Britton, 108 U.S. 199, 206, 2 S.Ct. 531, 27 L.Ed. 698. Cf. Minor v. Mechanics' Bank, 1 Pet. 46, 71, 7 L.Ed. 47. The distribution was the corporate act of the obligee in the bond. Unless it was insolvent, neither it nor its receiver can recover the money from a stockholder who acted in good faith in receiving the dividend. The right of a solvent corporation "to deal with its property is absolute, so long as it does not violate its charter or the law applicable to such corporation." McDonald v. Williams, 174 U.

S. 397, 401, 19 S.Ct. 743, 744, 43 L.Ed. 1022. The rule is different when there are debts, because a contract arises with the creditors that the capital stock shall not be withdrawn until their demands are satisfied. Sanger v. Upton, Assignee, 91 U.S. 56, 60, 23 L. Ed. 220.

On the facts before us, if permitted to stand, the proceeds of the judgment appealed from might be distributed to the same stockholders whose dividends constituted the pecuniary loss on which recovery was predicated. The surety would have no right of subrogation against the fortunate stockholders who acted in good faith, because there is no primary liability to the obligee. McDonald v. Williams, supra. A pecuniary loss to the corporation which enriches its beneficial owners pro rata, but increases no indebtedness and injures no creditor or depositor, was not within the contemplation of the parties at the time the contract of indemnity was made.

The judgment of the District Court is reversed, and the cause remanded for further proceedings not inconsistent herewith.