## OTIS et al. v. INTERNATIONAL MERCANTILE MARINE CO. et al.
### No. 8611.

Circuit Court of Appeals, Ninth Circuit.
March 22, 1938.

Chalmers G. Graham and Clarence G. Morse, both of San Francisco, Cal., and Alfred T. Cluff, of Los Angeles, Cal., for appellants.

John C. Packard, of Los Angeles, Cal., for appellee International Longshoremen's Ass'n.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

From a decree dismissing, for want of jurisdiction, a libel by James Otis and others (hereafter called libelants) against the owners and operators of the steamship California (hereafter called respondents) and against the ship and 4,216 stems of bananas comprising part of its cargo, libelants have appealed.

On October 23, 1936, Elliott Shipping & Land Company, for the account of libelants, shipped on board the California, at the port of Balboa, Canal Zone, 4,216 stems of

bananas consigned to libelants at the port of Los Angeles,[1] Cal., and respondents issued their bill of lading therefor. The bill of lading provided: "The carrier [respondents] shall not be liable as carrier or otherwise for loss or damage occasioned by * * * strikes or stoppage of labor. * * *"

On October 30, 1936, a strike of sailors, longshoremen, and harbor workers, including respondents' employees, was commenced and became effective at Los Angeles. Some of the strikers belonged to the International Longshoremen's Association, Local No. 38-82, Incorporated (hereafter called the association). In connection with the strike, representatives of the association picketed the docks and water front at Los Angeles. In consequence of the strike and picketing, the loading, unloading and working of vessels at Los Angeles ceased entirely. This condition continued during all of the times herein referred to.

The California arrived at Los Angeles on or prior to November 6, 1936, but, because of the above-mentioned strike and stoppage of labor, respondents, though willing, were unable to and, therefore, did not deliver the bananas to libelants.

The libel was filed on November 6, 1936. It alleged shipment of the bananas, issuance of the bill of lading, arrival of the ship at Los Angeles, demand by libelants for delivery of the bananas, and failure of respondents to make such delivery. The prayer was for possession of the bananas "and for such other and further relief as libelants may be entitled to receive." No damages were claimed, nor was any lien asserted.

On November 7, 1936, the District Court ordered the United States Marshal to take possession of the bananas, cause them to be discharged from the ship onto respondents' dock, and "thereafter place said cargo [of bananas], and all of it, in proper, adequate and safe refrigerated cars or other railroad cars, motor trucks or other units of public transportation for carriage by licensed public carriers in the State of California from the said dock to the end that said cargo, and all of it, is safely preserved and delivered to the said libelants." This order was never complied with.

On November 13, 1936, the association filed a petition for leave to intervene in this case, stating in its petition that it and other labor unions had been picketing the docks and water front at Los Angeles and had "established a stoppage of work by reason of the failure of the shipowners [including respondents] to make contracts of employment" with the association and other unions. The petition also stated: "That the actual subject matter in controversy in the above-entitled action is the right to contend for fair wages and working conditions by [the association] and other affiliated labor unions, in this and other districts * * * and that such unions, including particularly [the association], have a direct interest in this litigation. * * *"

This was a mere statement of a conclusion, unsupported by any allegation of fact, and was obviously untrue. The actual subject matter in controversy was a shipment of bananas, possession of which was claimed by libelants. In that subject matter the association had no interest whatsoever.

Nevertheless, on November 16, 1936, the District Court made an order permitting the association to intervene, upon filing a stipulation, pursuant to Admiralty Rule 34, 28 U.S.C.A. following section 723, in the sum of $9,500. Such a stipulation was filed on November 17, 1936. It was thereby stipulated that the association should abide by the final decree rendered in this cause, and that it and its surety should pay all such costs, expenses, and damages as should be awarded against it by the original or appellate court, not to exceed, however, the sum of $9,500, with interest at 6 per cent. per annum, and costs.

The order permitting the association to intervene was unwarranted and ineffective. The association could not be, and in reality never was, a party to this litigation. No costs, expenses, or damages have been or could be lawfully awarded against the association by the final decree. Consequently, there has been and can be no breach of the stipulation filed by it, nor any liability thereunder.

Having been permitted to intervene, the association, on November 18, 1936, filed a motion to dismiss the libel for want of jurisdiction. On November 19, 1936, the District Court, after a hearing in which libelants and respondents participated, granted the association's motion and, on December 14, 1936, entered a decree dismissing the

---

[1] Hereafter, for brevity's sake, the port of Los Angeles is referred to simply as "Los Angeles."

libel. Thereafter, on March 12, 1937, this appeal was taken.

Meanwhile, the bananas had spoiled, had become entirely worthless and, for sanitary reasons, had been dumped into the sea.[2]

This appeal presents a single question, namely, Did the District Court have jurisdiction of the case? This question is now moot. For us to answer it in the affirmative, reverse the decree of dismissal, and remand the case for further proceedings would avail libelants nothing. The subject matter of the litigation no longer exists. Possession thereof cannot be obtained by court decree or otherwise. Libelants concede that, as against respondents, they are not now entitled to any relief. Their cause of action, if any, against the association is not one which may be prosecuted in a court of admiralty. Presenting only a moot question, the appeal will be dismissed. Mills v. Green, 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293; Jones v. Montague, 194 U.S. 147, 151, 24 S.Ct. 611, 48 L.Ed. 913; Richardson v. McChesney, 218 U.S. 487, 492, 31 S.Ct. 43, 54 L.Ed. 1121; Stearns v. Wood, 236 U.S. 75, 78, 35 S.Ct. 229, 59 L.Ed. 475.

Dismissed.

---

[2] This fact does not appear of record, but, at the hearing in this court, it was so stated and admitted by counsel for all parties.