## YOUNG v. RAILROAD RETIREMENT BOARD.

### No. 8990.

Circuit Court of Appeals, Seventh Circuit.
May 31, 1946.

Edward H. S. Martin, of Chicago, Ill., for appellant.

Myles F. Gibbons, David B. Schreiber, and Paul M. Johnson, all of Chicago, Ill., (Samuel J. Rhinestine, of Chicago, Ill., Atty., Railroad Retirement Board, of counsel), for appellee.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

This is an appeal from the judgment of the District Court for the Northern District of Illinois, Eastern Division, which affirmed the decision of the Railroad Retirement Board denying to the appellant, as the widow of David A. Young, an annuity for which he had made application to the Board and for survivor benefits as widow, under the Railroad Retirement Act of 1935.[1]

---

[1] 49 Stat. 967, 45 U.S.C.A. §§ 215–228, as amended by 50 Stat. 307, 45 U.S.C.A. §§ 228a–228s.

On March 17, 1931, Young was in the employ of the Chicago River and Indiana Railroad Company as assistant chief engineer. The company was a subsidiary of the New York Central System, and a carrier within the meaning of the Act. On said date Young became ill and never worked thereafter. He was carried on the payroll of the company until October 1, 1931, when he was dropped. At Young's request, he was granted two leaves of absence of three months duration each, which last leave expired March 31, 1932. Young made no further application for leave of absence, never worked after March 17, 1931, and received no compensation from the company after September 30, 1931. On October 1, 1931, the railroad company abolished the position of assistant chief engineer that had been held by Young.

The Railroad Retirement Act of 1935 became effective on March 1, 1936. On June 26, 1939, Young filed application for an annuity which went through the administrative procedure provided by the rules and regulations of the Board, culminating on February 3, 1944, in a decision of the Board denying Young's application. On July 17, 1944, Young filed his complaint in the District Court to review this decision of the Board.

On September 2, 1944, Young died. On November 16, 1944, the appellant, his widow, was substituted as party plaintiff. On January 2, 1945, she was given leave to file and did file on that date, a supplemental complaint setting forth Young's death and that she was the widow, and filed therewith a stipulation entered into with the attorney for the Board which stipulated that notwithstanding the Board had already decided against Young in his lifetime on his application, the appellant might claim before the Board the annuity Young claimed in his application and also for herself pension and death benefits as a widow of Young; that such claim would be reconsidered on the evidence that had been adduced on Young's application, since the appellant had no further evidence to offer.

The application of appellant was filed, and on December 9, 1944, the Board, pursuant to the stipulation of the parties, without taking the matter again through the administrative machinery of the Board, made its findings of fact and stated its conclusions thereon, denying appellant's application. These facts were incorporated in the supplemental complaint filed by the appellant in the District Court. The Board answered the supplemental complaint and then filed a motion for summary judgment. The District Court granted the motion for summary judgment and from this judgment, appellant has appealed.

The rights of the appellant are derivative. She has no rights unless her husband was entitled to an annuity. The Board found Young was not entitled to such an annuity. To be entitled to an annuity, Young had to be an employee of the company on March 1, 1936, when the Railroad Retirement Act went into effect. 45 U.S.C.A. § 228a.

The Board's findings of fact and conclusions of law are in the record. The evidence upon which these findings are based is not before us. Therefore, there is no question on the evidence presented. American Employers Insurance Co. v. Franklin Savings & Loan Co., 5 Cir., 89 F.2d 224, 225. The appellant does not contend otherwise. The evidence must therefore be deemed by us sufficient to support the findings, and if the findings sustain the conclusions of law, we must uphold the decision of the Board.

The pertinent findings of the Board we set forth in the margin.[2] These findings

---

[2] Findings of Fact.

\* \* \* \* \*

5. On March 1, 1936 and for many years prior thereto employees of Mr. Young's class whose names were reached in a reduction of forces did not, after such a reduction of forces, maintain any rights to return to the service of the Railroad Company.

6. Mr. Young's position as assistant chief engineer was abolished on October 1, 1931 and his name was thereupon reached in a reduction of forces.

7. When Mr. Young's position was abolished on October 1, 1931 he became subject to the furlough limitations applying to employees of his class and he then lost any rights which he may have had prior to October 1, 1931, to return to the service of the Railroad Company.

clearly establish that Young was not on March 1, 1936, the critical date, an employee or in an employee relationship to the company. This was essential to entitle Young to an annuity. 45 U.S.C.A. § 228b. These findings amply support the Board's conclusion that Young was not entitled to an annuity. Since Young had no right to an annuity, his widow has none to such annuity or to any death benefits under the Act.

The appellant complains that the Rule of the Board 204.3(i) [3] is void because it excludes evidence of the issuance of free transportation to Young and that this evidence is of probative value to establish the fact of employment. As we stated before, the record of the evidence is not before us. We do not know whether or in what manner this question was presented below. We do not decide the validity of rules in the abstract. United States v. Appalachian Power Co., 311 U.S. 377, 423, 61 S.Ct. 291, 85 L.Ed. 243; Texas v. Interstate Commerce Commission, 258 U.S. 158, 162, 42 S.Ct. 261, 66 L.Ed. 531; Stearns v. Wood, 236 U.S. 75, 78, 35 S.Ct. 229, 59 L.Ed. 475; California v. San Pablo & Tulare Railroad Co., 149 U.S. 308, 314, 13 S.Ct. 876, 37 L.Ed. 749. Such rules must be attacked in some situation where they have been applied adversely to the party raising the question. Then their validity may be questioned. No situation of that kind is presented on this record.

Finding no error in the record, the judgment of the District Court is

Affirmed.

8. At no time after March 1, 1936 was Mr. Young on furlough subject to call for service and ready and willing to serve, or on leave of absence, or absent on account of sickness or disability, in accordance with any established rule or practice in effect on the Railroad Company which would operate to restore him to active service upon the occurrence of definite and ascertainable events or conditions.

9. Mr. Young was not at any time after March 1, 1936 an "employee" of the Railroad Company within the meaning of the Railroad Retirement Act of 1935, or the Railroad Retirement Act of 1937.

10. Mr. Young was not at any time after March 1, 1936 an "employee" of a "carrier" within the meaning of the Railroad Retirement Act of 1935 or of an "employer" within the meaning of the Railroad Retirement Act of 1937.

3 (i) Pass privileges, or retention of employer property.

The fact that an individual continues to receive free transportation, or is permitted to retain employer property, such as rule books and switch keys, is not indicative of the existence of an employment relation. However, definite action of the employer terminating free transportation privileges or requiring the surrender of employer property may be indicative of the termination of the employment relation.