Ronald F. MILLER, an individual, and Fort Howard Paper Company, a Delaware corporation, Plaintiffs,

v.

KIMBERLY–CLARK CORPORATION, a Delaware corporation, Defendant.

No. 70–C–261.

United States District Court,
E. D. Wisconsin.

Oct. 22, 1971.

Quarles, Herriott, Clemons, Teschner & Noelke, Milwaukee, Wis., for defendant.

Michael, Best & Friedrich, Milwaukee, Wis., for plaintiffs.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved to dismiss the amended complaint in this case. One of the plaintiffs, Ronald Miller, after terminating his employment as a "design technician" at Kimberly-Clark, became an employee of Fort Howard. As an employee of Kimberly-Clark, Mr. Miller had signed an agreement dated September 15, 1969 which barred his right to disclose "information or knowl-

edge" which was not "generally known" acquired while he was employed at Kimberly-Clark and also restricted his post-employment use of any "patentable or unpatentable" developments conceived during his employment at Kimberly-Clark.

After Mr. Miller left Kimberly-Clark, the latter company wrote two letters, one addressed to him and one to his new employer, calling specific attention to the contract of September 15, 1969. Such letters are annexed to the complaint as exhibits C and D.

The amended complaint contains two claims. The first demands a judgment declaring that the agreement between Mr. Miller and Kimberly-Clark is invalid and unenforceable. The second claim seeks to restrain Kimberly-Clark, under the anti-trust laws, from enforcing or threatening to enforce the restrictions contained in the employment contract.

■ In my opinion, the defendants' motion to dismiss must be granted pursuant to Rule 12(b) (1), Federal Rules of Civil Procedure, because of this court's lack of jurisdiction over the subject matter. In paragraph 4 of the complaint, it is stated that jurisdiction as to the first claim is based upon 28 U.S.C. §§ 1331 and 2201. The federal courts are given jurisdiction in matters involving federal questions in § 1331. However, § 2201 does not purport to confer jurisdiction upon the federal courts. The latter section is prefaced with the words "In a case of actual controversy within its jurisdiction * * *." Although declaratory relief is available in the federal courts, the statute authorizing it did not expand the jurisdictional range of the federal courts, as was noted in Skelly Oil Co. v. Phillips Petroleum Company, 339 U.S. 667, 674, 70 S.Ct. 876, 94 L.Ed. 1194 (1949).

As to the second claim, paragraph 18 of the complaint asserts that jurisdiction exists under 28 U.S.C. § 1337 and 15 U.S.C. § 26. These two sections provide for federal jurisdiction in actions against "restraints and monopolies" and

also authorize issuance of injunctions in such matters.

■ In my opinion, the plaintiffs have not alleged a basis for federal court jurisdiction in either of their claims, and the balance of this decision will present my reasons for this conclusion.

The employment contract in question restricts Mr. Miller's right to disclose certain matters after his employment terminates, but the present dispute is not transformed into a federal question under Article 1, § 8, clause 8, United States Constitution, simply because the agreement foreclosed the employee from ventilating certain company information.

In the absence of diversity jurisdiction, there is no justification for a federal court's entertaining jurisdiction in this case. Whether the employment agreement in question is overly-restrictive or otherwise unenforceable, it remains a local contract dispute as distinguished from a claim which "arises under the Constitution, laws or treaties of the United States." There is fully applicable here the language of Skelly Oil Co. v. Phillips Petroleum Co., supra, at page 674, 70 S.Ct. at page 880, where the Supreme Court stated:

> " * * * Since the matter in controversy as to which Phillips asked for a declaratory judgment is not one that 'arises under the * * * laws * * * of the United States' and since as to Skelly and Stanolind jurisdiction cannot be sustained on the score of diversity of citizenship, the proceedings against them should have been dismissed."

■ Mr. Miller's anti-trust action, as set forth in the second claim of the amended complaint, is also jurisdictionally insufficient. The exacting requirements of the patent and copyright laws have been interpreted as evidencing a national policy favoring competition. Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964). However, that national policy does not, without more, justify the

**1298**

court's accepting jurisdiction over an employment contract dispute which is otherwise cognizable in a state court. The contract in issue is not a price-fixing or a monopoly-creating instrument which might fairly be construed to be within the protection of Article VI, United States Constitution.

■ A narrow restraint which is not so substantial as to affect either market prices or commercial freedom is exempted from the anti-trust laws. In Apex Hosiery v. Leader, 310 U.S. 469, 60 S.Ct. 982, 84 L.Ed. 1311 (1940), the Supreme Court pointed out that the Sherman Act "was designed to prevent restraints of trade which had a significant effect on such competition." (page 493, 60 S.Ct. page 992). The court stated, at pages 492–493, 60 S.Ct. at page 992, that this law:

"* * * was enacted in the era of 'trusts' and of 'combinations' of businesses and of capital organized and directed to control of the market by suppression of competition in the marketing of goods and services, the monopolistic tendency of which had become a matter of public concern. The end sought was the prevention of restraints to free competition in business and commercial transactions which tended to restrict production, raise prices or otherwise control the market to the detriment of purchasers or consumers of goods and services, all of which had come to be regarded as a special form of public injury."

From my examination of the plaintiffs' claims as set forth in their amended complaint, it is clear that the written contract of September 15, 1969 did not in any substantial way affect interstate commerce, control production or market prices, impose undue limitations on competitive conditions, or unreasonably restrict competitive opportunity. In no fair sense could it be said that this contract or its alleged breach constitute a *public* injury.

The case at bar is unlike Nichols v. Spencer International Press, Inc., 371 F.2d 332 (7th Cir. 1967). In that case, two publishing companies entered into a "no-switching" agreement in which each employer agreed not to hire personnel of the other. The court found that this type of agreement might "impair full and free competition" (at page 336); however, the court recognized that "antitrust laws were not enacted for the purpose of preserving freedom in the labor market, nor of regulating employment practices as such * * *." (at pages 335 and 336). While the court of appeals in *Nichols* concluded that a no-switching agreement between employers could constitute an actionable restraint of trade, the contract before the court in the case at bar is not between two or more employers but rather is between one employer and its employee. The situations are significantly different.

Now, therefore, it is ordered that the defendant's motion to dismiss be and hereby is granted.