**Delilah B. BLANKS, Appellant,**

v.

**Wilbur REGISTER et al., Appellees.**

No. 73-1873.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 3, 1973.

Decided March 26, 1974.

Norman B. Smith, Greensboro, N. C. (Smith, Carrington, Patterson, Follin & Curtis, Greensboro, N. C., on brief), for appellant.

David A. Nash, Wilmington, N. C. (William L. Hill, II, Hogue, Hill & Jones, Wilmington, N. C., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and BOREMAN, Senior Circuit Judge, and WIDENER, Circuit Judge.

WIDENER, Circuit Judge:

This civil rights action was brought by Mrs. Delilah Blanks, a Negro female, who sought injunctive relief, including back pay, from the defendant members of the Bladen County, North Carolina Social Services Board. She alleged that the defendants violated 42 U.S.C. § 1981, § 1983, and § 2000e–2(a)(1) in failing to appoint her, on account of her race, as Director of Social Services. The defendants filed a verified motion to dismiss under F.R.Civ.P. 12(b)(6) for failure to state a claim, averring, which was not denied, among other things, that Mrs. Blanks was still being considered for the position as Director of Social Services, the position still being vacant at that time.

The district court treated the motion to dismiss as one for summary judgment under F.R.C.P. 56, and dismissed the case, holding that the action was premature. Mrs. Blanks complains on appeal that she had no notice the court would treat the motion as one for summary judgment. Because it is clear from the record that the court did indicate its intent to treat the motion as one for summary judgment, and the suit was obviously premature, we affirm.

Mrs. Blanks had been employed by the Bladen County Social Services Board (Board) since 1968, and was granted a one year leave of absence in July, 1971, in order to secure her masters degree in social services. The director of the Board submitted his resignation to be effective on February 29, 1972. On February 8, 1972, Mrs. Julia Butler, the highest ranking employee in terms of grade and service, was appointed acting director to serve until a permanent director could be appointed. By letter dated February 9, 1972, Mrs. Blanks applied for the position. When this letter was received by the Board the record does not show, so we presume a day or so thereafter. Mrs. Blanks had her job interview with the Board May 22, 1972.

Mrs. Blanks filed this suit on November 14, 1972, at which time a permanent director had not been appointed. The essence of her complaint was that she was a qualified black person and therefore should be appointed. The Board filed its verified answer and motion to dismiss under F.R.C.P. 12(b)(6) on December 5, 1972, noting that plaintiff had not been rejected as an applicant and her application was still being considered along with a number of other applicants. This condition remained when Mrs. Blanks filed her unverified response to the motion to dismiss on March 14, 1973. Hearing on defendants' motion was held on April 9, 1973, at which time the court indicated that the F.R.C.P. 12(b)(6) motion would be treated as one for summary judgment in accordance with F.R.C.P. 56. The memorandum opinion granting summary

judgment was issued on May 11, 1973, as was the order dismissing the case. The Board, until after that date, had not appointed a permanent director, Mrs. Butler's temporary appointment having been extended.

On May 31, 1973, the plaintiff filed her notice of appeal and motion for an injunction pending appeal, which motion was denied by order entered June 1, 1973. For the first time, in the unverified motion for an injunction pending appeal, it was brought to the attention of the district court that, on May 14, 1973, a certain Prince had been appointed as Director of Social Services for the county. In that motion, the plaintiff stated, not supported by affidavit or evidence, that the Board had tentatively agreed to employ Prince sometime during the winter of 1972–73, and that the statement of the Board, in its answer, that the plaintiff was under consideration was "not accurate." Plaintiff, as she could have, made no motion under F.R.C.P. 59 to alter or amend the judgment, and no motion under F.R.C.P. 60 for relief from the judgment. Rather, she chose to prosecute her appeal on the record submitted to the district court.

■ Mrs. Blanks now contends that she had insufficient notice of the court's intention to treat the F.R.C.P. 12(b)(6) motion as one for summary judgment under Rule 56. We are of opinion the point is not well taken. As stated before, the court indicated, on April 9th, at the hearing on the motion, its intention to treat the motion as one for summary judgment, and the matter of filing affidavits was discussed at length at that time. The defendants did file an affidavit on April 17, but the plaintiff filed none until August 28, 1973, with her appellate brief in this court, more than three months after the decision of the district court. The "reasonable opportunity to present new material" required by Rule 12(b)(6) is satisfied where the court has made plain its intention to both parties and where one party has acted, and the other not acted, in accordance with the court's request

for affidavits outside the pleadings. See Dale v. Hahn, 440 F.2d 633, 638 (2nd Cir. 1971). Cf. Johnson v. R.A.C. Corporation, 491 F.2d 510 (4th Cir. 1974), in which case the district court did not indicate to the parties that it was treating the 12(b)(6) motion as one for summary judgment.

The argument on the motion was quite detailed and full opportunity was granted the parties to be heard. 87 pages of transcript are devoted to it. The defendants' position was there stated: "But at this stage nobody has been hired and I don't think you can have a lawsuit. There's no controversy about it."

Following plaintiff's filing of affidavits in this court with her appellate brief, defendants filed affidavits here. Both sets of affidavits deal largely with the merits of the question as to whether or not plaintiff should have received the sought-for appointment. Since none of them were ever seen by the district court, much less considered, we do not consider them here but leave such matters as they may assert for another day. "Our adjudication of the merits of such a challenge will await that time." Socialist Labor Party v. Gilligan, 406 U.S. 583, 589, 92 S.Ct. 1716, 1720, 32 L.Ed.2d 317 (1972).

■ In short, this suit was brought by a plaintiff who applied for a top-level supervisory job, was in fact considered for the position, and then, before the Board had acted in making any appointment, sued, alleging unlawful discrimination because the Board had not appointed her. It is obvious that Mrs. Blanks had not become deprived of any right at the time of the filing of this suit and at the time the case was decided by the district court, because the Board had neither rejected her application nor appointed anyone else to the position. We are of opinion that no justiciable case or controversy under Article III of the Constitution had been presented until the Board had at least done some act or made some omission concerning Mrs. Blanks which affected her

in some way. The case was premature and therefore not ripe for judicial determination. Any opinion a federal court might have given on the merits would have been a forbidden, advisory one.[1]

Appeal dismissed.

---

1. Beard v. Stahr, 370 U.S. 41, 82 S.Ct. 1105, 8 L.Ed.2d 321 (1962); Stearns v. Wood, 236 U.S. 75, 35 S.Ct. 229, 59 L.Ed. 475 (1915); Socialist Labor Party v. Gilligan, 406 U.S. 583, 92 S.Ct. 1716, 32 L.Ed.2d 317 (1972); Eccles v. Peoples Bank, 333 U.S. 426, 68 S. Ct. 641, 92 L.Ed. 784 (1948); A & P Tea Company v. Grosjean, 301 U.S. 412, 429, 57 S.Ct. 772, 81 L.Ed. 1193 (1937).