Steven A. TATERKA, Plaintiff,

v.

WISCONSIN TELEPHONE COMPANY,
Defendant.

No. 74–C–625.

United States District Court,
E. D. Wisconsin.

May 1, 1975.

Steven A. Taterka, pro se.

Douglas L. Reed, Milwaukee, Wis., for defendant.

### DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiff is a white male who was employed by New York Telephone as a switchman from November, 1970, until October, 1972, when he resigned. In December, 1972, he applied for similar employment with the defendant Wisconsin Telephone Company. He has not been hired.

On April 8, 1974, the plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission challenging the defendant's "upgrade and transfer plan"—an affirmative action program—on the grounds that it constitutes an allegedly invalid form of "reverse discrimination" in employment on account of his race and sex.

In a written determination dated September 26, 1974, the EEOC dismissed Mr. Taterka's charge of discrimination on the grounds that

"there is no reasonable cause to believe that (he) and other similarly situated white males have been discriminated against because of their race and/or sex as alleged."

Further, the EEOC observed that

"the Respondent Employer and the Commission entered into a Consent Decree, dated January 18, 1973, Civil Action Number 73–149 [E.D.Pa.], encompassing the issues contained in Charging Party's charges and that pursuant to the decree members of the aggrieved classes were to be identified and awarded appropriate relief. The aggrieved classes were determined to include only certain females and minority group employees of Respondent. Those persons found to have been aggrieved are now receiving their respective remedial relief pursuant to the Bell System upgrade and transfer plan, effective June, 1973."

On December 24, 1974, the plaintiff commenced this pro se action to set aside the determination of the Equal Employment Opportunity Commission. In his first cause of action, he alleges that the defendant has refused to hire him for the position of switchman, and that such refusal constitutes discrimination in violation of 42 U.S.C. §§ 2000e–2(a)(1) and 2000e–2(j) and the fourteenth amendment.

In his second cause of action, Mr. Taterka alleges that

"an agreement exists between Bell system companies that they will not hire

persons employed by other Bell System Companies while still employed by such other Bell System companies or for a period of six months thereafter and that such [a "no-switch"] agreement constitutes a conspiracy in restraint of trade and is therefore illegal under Title 15, United States Code, Section 1 et seq."

This matter is before me on the defendant's motion to dismiss pursuant to Rules 12(b)(1) and (6), Federal Rules of Civil Procedure. Because "matters outside the pleading" have been "presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." See Rule 12(b) (6).

■ As the defendant correctly observes, the plaintiff has failed to *allege* that the EEOC has issued a notice of right to sue. However, the plaintiff has attached, as exhibit C to his brief in opposition to defendant's motion to dismiss, an undated copy of an EEOC "Notice of Right to Sue". The challenged EEOC determination issued September 26, 1974. It is apparent that the undated "Notice of Right to Sue" issued contemporaneously. Since pro se complaints are entitled to liberal construction, I believe that this action was commenced within 90 days after issuance of an EEOC "Notice of Right to Sue".

■ As its next jurisdictional ground for dismissal of the first cause of action, the defendant asserts that the "plaintiff has not alleged in his complaint that he has satisfied (the) three hundred day time requirement" of 42 U.S.C. § 2000e–5(e). That section provides in relevant part as follows:

"A charge under this section shall be filed within . . . three hundred days after the alleged unlawful employment practice occurred . . .."

In my judgment, however, the plaintiff has alleged a continuing practice of discrimination and is not time-barred. Paragraph 17 of the complaint charges that the plaintiff has been, *and is*, in-

eligible for employment with the defendant. Paragraph 19d alleges that until such time as the defendant achieves a proportionate representation of its work force, on the basis of race and sex, the plaintiff will continue to be ineligible for employment with the defendant.

■ A portion of the defendant's remaining jurisdictional attack with respect to the first cause of action goes to the plaintiff's allegations of jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343(3) and the fourteenth amendment. Even a liberal reading of the pro se complaint indicates that no facts are alleged which constitute the deprivation of a federally-protected right under color of state law. See Jackson v. Metropolitan Edison Company, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 471 (1974). Jurisdiction does obtain pursuant to 28 U.S.C. § 1343(4), however, to the extent that the allegations contained in the first cause of action purport to state a claim under 42 U.S.C. § 2000e.

■■ In regard to the last-mentioned cause of action, the defendant claims that dismissal pursuant to Rule 12(b)(6) is required because the complaint fails to allege sufficient facts to establish a *prima facie* case of discrimination. The parties agree that, at a minimum, in order to establish a cause of action for reverse discrimination, the complaint must allege facts which, if proved, would show that

(1) Plaintiff applied for and was qualified for a job which defendant was trying to fill.

(2) Though qualified, the plaintiff was rejected by reason of his race or sex.

(3) Thereafter the defendant (employer) continued to seek applicants with plaintiff's qualifications.

The affidavits which have been submitted by the defendant indicate that in the period of time since the plaintiff first applied for employment, Wisconsin Telephone Company has filled its switchman openings on the basis of a promo-

tion-from-within policy for the purpose of complying with the goals and time-table requirements of the consent decree.

The plaintiff concedes at page 12 of his brief that "promotion from within is recognized as a valid employment policy. Gates v. Georgia-Pacific Corporation, 492 F.2d 292 (9th Cir. 1974)." However, he claims that such a policy is not justified where, as here, an *applicant* who is as well-trained as he, is turned down in favor of an untrained employee.

In my opinion, the complaint fails to allege facts which, if proved, would establish the existence of elements (2) and (3) of a reverse discrimination cause of action. The complaint contains no allegation that the position sought by the plaintiff was filled by an off-the-street or non-employee applicant. Under these circumstances, a person who applies for a job cannot complain of being discriminated against when no one has been hired for that job. Blanks v. Register, 493 F.2d 697 (4th Cir. 1974). Consequently, I conclude that the first cause of action should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

■ It should be noted that even if, pursuant to the affirmative action plan mandated by the consent decree, an off-the-street applicant was employed to fill the position sought by the plaintiff, analogous "hiring ratio" and "color-conscious" plans have been upheld in the face of reverse discrimination claims. See, e. g., Southern Illinois Builders Association v. Ogilvie, 471 F.2d 680 (7th Cir. 1972); Contractors Ass'n of Eastern Pa. v. Secretary of Labor, 442 F.2d 159 (3rd Cir. 1971), cert. den., 404 U.S. 854, 92 S.Ct. 98, 30 L.Ed.2d 95 (1971) (Philadelphia Plan).

■ In his second cause of action, the plaintiff challenges the legality under the antitrust laws of an alleged "no-switching" agreement which, according to ¶¶ 30 and 31 of the complaint, exists between Bell System companies and provides as follows:

"that Bell System companies will not hire persons employed by other Bell System Companies while still employed by such other Bell System companies or for a period of six (6) months thereafter."

The plaintiff asserts in ¶¶ 28 and 29 of his complaint that, in reliance upon the existence of such a "no-switching" agreement, the defendant "refused to permit him to fill out employment application forms" during the month of July, 1971 (when he was still employed by New York Telephone Company). Assuming *arguendo* the existence of such an agreement, I conclude that no violation of the antitrust laws is set forth as a matter of law and that the second cause of action should also be dismissed. Rule 12(b)(6), Federal Rules of Civil Procedure.

15 U.S.C. § 17 states in pertinent part that "The labor of a human being is not a commodity or article of commerce." Furthermore, the complaint contains no factual allegations that competition is impaired, that any trade or commerce is affected, that any underlying anti-competitive agreement is implemented by the alleged "no-switching" agreement, or that a contract was made or a conspiracy existed between competitors. See Nichols v. Spencer International Press, Inc., 371 F.2d 332 (7th Cir. 1967); Miller v. Kimberly-Clark Corporation, 339 F. Supp. 1296 (E.D.Wis.1971). The plaintiff concludes in ¶ 33 of the complaint that the alleged "no-switching" agreement alone "constitutes a conspiracy in restraint of trade." However, this conclusion is not supported by the factual allegations or the law.

Significantly, the complaint reveals that the plaintiff resigned from New York Telephone Company in October, 1972 (¶ 8d) and that in November, 1972 (Exhibit A), or on or about December 1, 1972 (¶ 5), he submitted an application for employment to the defendant. The plaintiff nowhere alleges that the defendant's acceptance of this application was conditioned on a six-month waiting

period, or that he was *then* told that he could not be hired for six months after his resignation from the New York company. As a matter of fact, he states in Exhibit A:

"At the time I was told I would be contacted if anything became available."

Acceptance by the defendant of Mr. Taterka's application—under these circumstances alleged by the plaintiff himself—undercuts his allegation that the alleged "no-switching" agreement existed.

Therefore, it is ordered that the defendant's motion to dismiss be and hereby is granted.

It is also ordered that this complaint be and hereby is dismissed, without prejudice.

It is further ordered that this action be and hereby is dismissed unless, within 30 days from the date of this order, the plaintiff files an amended complaint.