**UNITED STATES of America, Plaintiff,**

v.

**Gordon BARNES, Defendant and Third Party Plaintiff,**

v.

**Gregory H. HASSELL, Cynthia D. Hassell, R. Harrell Hassell, Pine Ridge Farms of Roper, Inc., Third Party Defendants.**

**No. 89–21–CIV–2–BO.**

United States District Court,
E.D. North Carolina,
Elizabeth City Division.

Oct. 29, 1990.

Richard B. Conely, Sr., Asst. U.S. Atty., Raleigh, N.C., for plaintiff.

William W. Pritchett, Jr., Pritchett, Cooke & Burch, Windsor, N.C., for defendant/third party plaintiff.

Anita C. Earp, Legal Services of the Coastal Plains, Ahoskie, N.C., for third party defendants.

### ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the court on plaintiff's motion to reconsider the grant of summary judgment filed in this case February 23, 1990.

## I. THE ALLEGED CONFLICT BE-TWEEN THE ACT AND THE SUBSEQUENT REGULATIONS

The plaintiff seeks reconsideration in order to clarify the court's ruling with respect to the terms "previous owner" and "borrower-owner" as these are used in connection with the regulations and statute dealing with agricultural credit. *See* 7 C.F.R. § 1951.911(a)(2) ("the Act") and 7 U.S.C. § 1985(e)(1)(A)(i) ("the regulations"). In support of it's motion, the government has noted that the Act went into effect January 6, 1988, and the regulations promulgated pursuant to the Act became effective October 14, 1988. The Act authorized the Secretary of Agriculture to promulgate these regulations under 7 U.S.C. § 1989.

The Act does not explicitly define "borrower-owner." The Act does define "borrower," 7 U.S.C. § 1991(b)(1), and elsewhere refers to a borrower as a "borrower-owner." 7 U.S.C. § 1985(e)(1)(A)(i). As a result, it is unclear what category of persons qualifies for first leaseback/buyback priority.

The associated regulations do define the term "owner" as:

> An individual or an entity which held fee title to the security but who may or may not have operated the farm at the time it was taken into inventory. The owner need not have been an FmHA borrower in the sense that the owner was personally obligated on a loan from FmHA, but the owner must have pledged the farm as security for a CONACT loan.

7 C.F.R. § 1951.906. Thus, under FmHA's regulations, first leaseback/buyback priority goes to the person who owned the property at the time it was taken into inventory by FmHA, even if that person did not farm the property, as long as the owner was either personally obligated on a loan from FmHA or pledged the farm as security for an FmHA loan.

FmHA's interpretation of the Act is further explained in the proposed rules for the leaseback/buyback regulations:

> The act uses the terms "owner," "borrower" and "borrower-owner" to describe who is eligible for leaseback/buy-back. In some cases, it is possible that the borrower in the sense of being personally obligated on an FmHA farmer program loan may not be the same person as the owner of the fee interest in the security property. For example, a parent who has turned the farm over to a child but still holds title may agree to mortgage the farm for the child's farmer program loan. In such cases, FmHA believes that it was the intent of the Act to give the first leaseback/buyback rights to the person who held fee title to the security.

53 Fed.Reg. 18,397 (1988).

The Supreme Court has held that if a statute is unclear, courts must defer to the interpretation of the agency charged with enforcing the statute, provided that the agency's interpretation is reasonable and not in conflict with the expressed intent of Congress. *See, e.g., Chemical Manufacturers Assn. v. NRDC,* 470 U.S. 116, 125, 105 S.Ct. 1102, 1107, 84 L.Ed.2d 90 (1985); *Chevron U.S.A., Inc. v. NRDC,* 467 U.S. 837, 842–845, 104 S.Ct. 2778, 2781–2783, 81 L.Ed.2d 694 (1984). In evaluating the agency's interpretations, as codified in the regulations, "[t]he court need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading the court would have reached if the question initially had arisen in a judicial proceeding." *Chevron,* 467 U.S. at 843 n. 11, 104 S.Ct. at 2782 n. 11. Rather, the question for the court is whether the agency's construction is within the range of meaning the words of the statute permit, and consistent with its purpose. *See, e.g., Kunaknana v. Clark,* 742 F.2d 1145, 1152 (9th Cir.1984).

Given this standard of construction, the court finds no conflict between the term "borrower-owner" as used in the statute and the term "previous owner" as used in the regulations. Any inconsistency in the February 23, 1990 order is vacated.

## II. JURISDICTION OVER THE THIRD PARTY CLAIMS

Plaintiff has further raised the issue of subject matter jurisdiction with re-

spect to the third party action. Although the plaintiff is not a party to that claim, the plaintiff is entitled to raise questions of subject matter jurisdiction in the proceeding as these are always cognizable by the court.

The Act and its regulations provide for initial administrative review of disputes concerning leaseback/buyback priorities. *See* 7 U.S.C. §§ 1985(e)(9), 1983b; 7 C.F.R. §§ 1951.911(a)(4)(v), and 1900, Subpt. B. Neither third party plaintiff nor third party defendant has alleged that these administrative procedures have yet to be conducted. Thus, the matter is not ripe for resolution by the federal courts. As such, it presents no justiciable controversy. *Blanks v. Register*, 493 F.2d 697 (4th Cir. 1974). All third party claims are hereby dismissed unless and until showing is made of the exhaustion of the appropriate administrative remedies.

As noted herein, this court's order of February 23, 1990 is hereby MODIFIED, and plaintiff's motion to dismiss third party claims on subject matter jurisdiction grounds is ALLOWED.

SO ORDERED.